Lucille A. Eduardo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Catherine T. Martin,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, August 26, 1981:

This is an appeal by Lucille A. Eduardo (Claimant) from an order of the Unemployment Compensation Board of Review (Board), which, after a remand hearing before its hearing officer, affirmed the referee's denial of benefits. The Board denied benefits on the ground that Claimant voluntarily terminated her employment without "cause of a necessitous and compelling nature," required by Section 402(b) (1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Claimant was last employed as a management trainee by Sears, Roebuck and Company (Employer) from November, 1977, her last day of work occurring on June 1, 1979. Although Claimant's first assignment was to the Employer's Allegheny Center Store in Pittsburgh, at the time of hire Claimant was apprised that she might have to transfer to other stores within the Pittsburgh area. At the end of April,

1979, Claimant was offered a promotion and reassignment to Employer's store in Uniontown, which is approximately fifty-five miles from Pittsburgh. Claimant accepted the transfer.

Shortly after moving to Uniontown, Claimant, who had lived with her parents while working in Pittsburgh, became homesick. Claimant did visit her parents as frequently as possible during the time she worked in Uniontown. However, on June 1, 1979, the twenty-two year old Claimant quit her job because she allegedly was emotionally upset and physically ill over having to live and work in Uniontown away from family and friends. Before quitting, Claimant informed the Employer that she was emotionally upset about her relocation. Claimant also asked before quitting to be transferred back to a store in Pittsburgh; this request was denied by Employer.

The facts of the instant case, as found by the Board, are not disputed by Claimant. Claimant raises on appeal the single issue of whether or not the Board erred as a matter of law in concluding that Claimant's voluntary termination of employment was not for cause of a necessitous and compelling nature. A legal conclusion, such as this, is always subject to appellate review. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

A claimant becoming unemployed because of a voluntary termination assumes the burden of showing that such termination was for cause of a necessitous and compelling nature, to be eligible for compensation. *Milsop v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 468, 405 A.2d 1017 (1979). To carry this burden when the termination was for health reasons a claimant must

meet certain requirements. It has been established that the claimant must: 1) inform the employer of the health problems, 2) request a transfer to work which is suitable in light of the health problems, and 3) before the referee or Board offer competent testimony that at the time of termination, adequate health reasons existed to justify termination. *Baldassano v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 457, 383 A.2d 988 (1978).

The Board found that Claimant complied with the first two requirements set forth above, but failed to meet the third requirement of competent medical evidence. Claimant contends, to the contrary, that she did present competent medical evidence which, corroborated by her own testimony, was sufficient to support her burden of proving that adequate health reasons existed at the time of termination to necessitate her quitting.

Claimant testified that, in her opinion, her physical problems (nausea, vomiting, diarrhea, abdominal cramping) stemmed from anxiety about her relocated job and were serious enough at the time of termination to justify her quitting. Claimant also testified, however, that she never consulted a physician about her physical condition while she worked in Uniontown nor did she do so until after she resigned. Claimant emphasized in her brief that even if no one else would react in a similar manner to a job transfer, the fact that *she* suffered those physical symptoms as a result of being upset about the transfer warranted her leaving the job.

Claimant did offer medical evidence at the remand hearing in the form of a signed statement from her physician, dated August 1, 1979, and a medical questionnaire form apparently prepared and filled out by her physician on September 27, 1979. Although both forms were clearly hearsay, no objection was made

to their admission. The physician's initial statement explained that Claimant had been under his care since September, 1978, because she suffered from a chronic condition of "irritable bowel syndrome with intermittent acute exacerbations consisting of abdominal cramping, nausea, vomiting and diarrhea." The physician stated that her symptoms appeared in a "cyclic fashion" and, at times, can be "relatively debilitating for short periods," but that they have improved under medication. In his answers on the self-prepared medical questionnaire the physician stated that Claimant's job relocation caused the most recent incident of Claimant's "stress-induced" illness. His opinion was offered although the physician had not seen his patient since February, 1979 and indeed had not seen her after her return to Pittsburgh.

*If credible,* the medical evidence together with Claimant's corroborating testimony would have been sufficient to *"adequately explain and support* the health reasons as they existed on the date of the termination," *McQuiston v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 250, 254, 390 A.2d 317, 319 (1979) (Emphasis in original.)[1]

Here, the Board rejected Claimant's medical evidence and her own corroborating testimony on the grounds of *credibility.* Specifically, the Board states in its discussion that it "rejects on grounds of credibility the claimant's contentions and those of her physician that her relocating some 55 miles away from her parents, whom she visited frequently, caused her to suffer mental anxiety manifested by physical ill-

---

[1] *See Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977), where the Court considered a psychotherapist's opinion based on the results of over one year of analysis of claimant prior to termination to be competent medical evidence.

ness of such gravity that she was forced to quit her job.'' In other words, the Board could not accept as being credible the position of Claimant and her physician that because of her transfer, Claimant's condition at the time of termination was different or worse than it had been in the months before her transfer, when she was able to perform her job. In the Board's eyes no credible medical evidence existed to satisfy the third prong of Claimant's burden of proof.

Questions of credibility and evidentiary weight are properly left to the Board which is free to reject even uncontradicted testimony. *Rosenberger v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 455, 376 A.2d 1018 (1977). Therefore, we shall not inquire into the Board's reasons for finding the evidence not credible. Neither shall we interfere with the Board's inference drawn from the evidence that Claimant was simply unhappy with her relocation; for the drawing of such inferences is for the compensation authorities. *Tuono v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 583, 422 A.2d 240 (1980).

Because Claimant failed to meet her burden of proving that her termination was for cause of a necessitous and compelling nature,[2] we affirm the Board's denial of benefits.

ORDER

AND Now, this 26th day of August, 1981, the order of the Unemployment Compensation Board of Review, dated November 19, 1979, denying benefits to Lucille A. Eduardo, is hereby affirmed.

---

[2] We note that mere dissatisfaction with working conditions does not constitute cause of a necessitous and compelling nature. *Hesse v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 595, 422 A.2d 729 (1980).