451 A.2d 1353

**Ernest J. GENETIN, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 21, 1982.

Decided Nov. 4, 1982.

William J. McCabe, Greensburg, M. Samuel Rosenzweig, Laurel Legal Services, Inc., New Kensington, for appellant.

Richard Cole, Chief Counsel, Francine Ostrovsky, Associate Counsel, Unemployment Compensation Bd. of Review, Harrisburg, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

NIX, Justice.

The question raised in the instant appeal is whether Ernest J. Genetin, appellant, voluntarily left his employment with the Hempfield Township Board of Supervisors (Supervisors) so as not to be eligible for unemployment compensation benefits under Section 402(b)(1) of the Pa. Unemployment Compensation Act (Act), Act of December 5, 1936, P.L. 2987, § 402, *as amended,* 43 P.S. § 802(b)(1). Section 402(b)(1) provides in pertinent part:

An employee shall be ineligible for compensation for any week—

In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature,...: Provided, that a voluntary leaving of work because of a disability if the employer is able to provide other suitable work, shall be deemed not a cause of necessitous and compelling nature....

Genetin was employed by the Supervisors for 15 years as a truck driver. At the end of September, 1979, appellant took a leave of absence as a result of medical problems. He returned to work on November 21, 1979 and was assigned work as a sweeper because his condition prevented him from performing his former duties as a truck driver. He did not work thereafter. The referee determined that appellant failed to show that the voluntary termination of employment was as a result of a cause of a necessitous and compelling nature and therefore determined that he was

ineligible for benefits under section 402(b)(1). The referee's decision was affirmed by the Unemployment Compensation Board of Review (Board), appellee, and by a three judge panel of the Commonwealth Court, 61 Pa.Cmwlth. 133, 433 A.2d 565. Judge Craig dissented expressing the view that the cause should be remanded to the Board for additional findings.

█ The specific question that must be focused upon is what is required of an employee who elects to terminate employment for health reasons if he wishes to maintain entitlement to unemployment compensation benefits. It is apparent from the expressed language of section 402(b)(1) that the voluntary election by the employee to terminate the employment does not automatically bar eligibility. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977); *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977); *Goughnour v. Unemployment Compensation Board of Review,* 54 Pa.Commonwealth Ct. 83, 420 A.2d 30 (1980); *Kanouse v. Unemployment Compensation Board of Review,* 9 Pa.Commonwealth Ct. 188, 305 A.2d 782 (1973); *James v. Unemployment Compensation Board of Review,* 6 Pa.Commonwealth Ct. 489, 296 A.2d 288 (1972). It must additionally be shown that the voluntary decision to terminate the employment was without a "cause of a necessitous and compelling nature." [1] *Deiss v. Unemployment Compensation Board of Review,· supra; Taylor v. Unemployment Compensation Board of Review, supra.*

█ Clearly, medical problems can provide a "cause of a necessitous and compelling nature". *Deiss v. Unemploy-*

---

1. We have had occasion to describe a cause which is necessitous and compelling as follows:

> ... 'good cause' for voluntarily leaving one's employment (i.e., that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 358–59, 378 A.2d 829, 832–833 (1977). *See also, Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 553, 381 A.2d 132, 135 (1977).

ment *Compensation Board of Review, supra; Findora v. Unemployment Compensation Board of Review*, 47 Pa.Commonwealth Ct. 301, 407 A.2d 938 (1979); *Rinehart v. Unemployment Compensation Board of Review*, 37 Pa.Commonwealth Ct. 15, 389 A.2d 243 (1978). However, since it was not the intent of the Act to provide health and disability benefits for an ill employee who is not physically able and available for participation in the work force, *McCurdy v. Unemployment Compensation Board of Review*, 65 Pa.Commonwealth Ct. 503, 442 A.2d 1230 (1982); *Antinopoulas Unemployment Compensation Case*, 181 Pa.Superior Ct. 515, 124 A.2d 513 (1956); *D'Yantone Unemployment Compensation Case*, 159 Pa.Superior Ct. 15, 46 A.2d 525 (1946); *Chapman v. Unemployment Compensation Board of Review*, 51 Pa.Commonwealth Ct. 254, 414 A.2d 174 (1980); *Rodrigo v. Unemployment Compensation Board of Review*, 38 Pa.Commonwealth Ct. 593, 393 A.2d 1311 (1978); *Unemployment Compensation Board of Review v. Sanchez*, 21 Pa.Commonwealth Ct. 353, 346 A.2d 390 (1975) it must also appear that the employee is able to work and be available for suitable work. *See* section 401(d).[2]

■ It is not here disputed that at the time of the voluntary transfer appellant was experiencing physical problems that prevented him from performing his normal duties as a truck driver. The referee found as a finding of fact that medical certification indicated that "claimant was advised to discontinue his work as a truck driver for health reasons" (Finding of Fact No. 5) and that on November 21, 1979, when appellant returned to work, he "was assigned work as a sweeper because claimant could not perform his regular work as a truck driver" (Finding of Fact No. 3). While the employee has the burden of establishing the existence of the necessitous and compelling reasons, *Deiss v. Unemployment Compensation Board of Review, supra; Taylor v. Unemployment Compensation Board of Review, supra; Anatoff v.*

**2.** The referee's decision specifically deferred ruling as to appellant's eligibility under section 401(d) in view of its ruling under section 402(b)(1).

*Unemployment Compensation Board of Review, supra; Westfall v. Unemployment Compensation Board of Review,* 32 Pa.Commonwealth Ct. 619, 379 A.2d 1389 (1977) and an obligation to communicate these problems to the employer, *Dreiss v. Unemployment Compensation Board of Review, supra; Elshinnawy v. Unemployment Compensation Board of Review,* 12 Pa.Commonwealth Ct. 597, 317 A.2d 332 (1974) the Commonwealth Court in this case as well as in other of its recent decisions, *Kovarik v. Unemployment Compensation Board of Review,* 36 Pa.Commonwealth Ct. 165, 387 A.2d 521 (1978); *Pfeffer v. Unemployment Compensation Board of Review,* 33 Pa.Commonwealth Ct. 601, 382 A.2d 511 (1978); *Unemployment Compensation Board of Review v. Kapsch,* 18 Pa.Commonwealth Ct. 456, 336 A.2d 652 (1975) suggests that the employee must attempt to initiate or effectuate the transfer to more suitable work. It is this latter unwarranted imposition of responsibility upon the employee that occasions our disagreement with their result in this case.

The majority members of the Commonwealth Court panel predicated the finding of appellant's ineligibility upon the assumption that it was his responsibility to "specifically request a transfer to a more suitable position..." (Slip Opinion, p. 3). This requirement was articulated in *Tollari v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 309 A.2d 833 (1973).

In our decision in *Deiss v. Unemployment Compensation Board of Review, supra,* we had occasion to correct another aspect of the Commonwealth Court's formulation of the law in this area.[3] Regrettably, we now again must reject another aspect of their formulation in this area.

Where an employee because of a physical condition, can no longer perform his regular duties, he must be availa-

---

**3.** In *Deiss* this Court rejected the Commonwealth Court's requirement that a claimant prove he was previously advised by a physician to quit his job if the claimant realizes that either physically or emotionally he is unable to continue working and he offers competent testimony that at time of termination adequate health reasons existed to justify termination.

ble for suitable work, consistent with the medical condition, to remain eligible for benefits. However, once he has communicated his medical problem to the employer and explained his inability to perform the regularly assigned duties, an employee can do no more. The availability of an employment position, the duties expected to be performed by one serving in that capacity, and the desirability of that individual for service in that capacity are managerial judgments over which the employee has no control. As long as the employee is available where a reasonable accommodation is made by the employer, that is not inimicable to the health of the employee, the employee has demonstrated the good faith effort to maintain the employment relationship required under the Act. *Cf. Fennessy Unemployment Compensation Case,* 184 Pa.Super.Ct. 492, 135 A.2d 814 (1957); *Sabella v. Unemployment Compensation Board of Review,* 52 Pa.Commonwealth Ct. 258, 415 A.2d 722. To insist upon the employee's initiating the quest for an alternative position, would require a meaningless ritual that does not further the objectives of the Act.

As has been stated, the Commonwealth Court found, and appellee does not disagree, that appellant did in fact suffer from medical problems which rendered him incapable of performing the duties required of a truck driver and that appellant communicated that fact to the Supervisors. In fact, because of the situation, on the last day of employment the Supervisors provided a position as sweeper for appellant. As is emphasized by appellee, appellant left without a definitive rejection by the employer. However, the record would also seem to suggest that there was in fact no suitable employment available for appellant had he attempted to continue his employment.[4]

■ In view of our holding, since appellant notified the employer of the physical malady and his inability to perform

4. The record demonstrates that appellant's request for a more suitable position may have been futile. The employer's representative testified that they had no positions available that were regarded as light work and that appellant knew that there were no other light work jobs available. (Record pp. 13 and 15).

his regular duties, it was then incumbent upon the employer to provide suitable work. If in the event such an opportunity was proposed to appellant and he declined to avail himself of it, a finding of ineligibility under section 402(b)(1) would then be appropriate.

However, the record is insufficient in this regard, primarily as a result of the earlier misconception of the standard to be employed. Additionally, the referee did not rule upon the Supervisors' claim of ineligibility under section 401(d). In the event that additional testimony fails to establish ineligibility under section 402(b)(1), the Supervisors would be entitled to a determination under section 401(d). Thus, we agree with Judge Craig that the appropriate disposition is to remand the cause to the Board.

Accordingly, the Commonwealth Court is reversed and the cause is remanded to the Board for proceedings consistent herewith.

LARSEN, J., files a concurring opinion.

LARSEN, Justice, concurring.

I join in the Majority Opinion, believing that the remand is for proceedings for computation of benefits only.