Mary V. Southard, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Kenneth P. Walsh,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, January 13, 1983:

Mary V. Southard (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which determined that she voluntarily terminated her employment without cause of a

necessitous and compelling nature and was therefore ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Law).[1]

Claimant was employed by Honeywell, Inc. (Employer) as a clerical worker on March 28, 1979, the date of the nuclear accident at Three Mile Island. Upon hearing of the nuclear accident, Claimant obtained permission to leave her work place, which was located within ten miles of the nuclear power plant. She subsequently moved from the Harrisburg area and was placed on a personal leave of absence without pay with the understanding that her Employer would attempt to relocate her to another work location not near a nuclear power plant.[2] Claimant alleges that her decision to leave her employment was based upon special health considerations involving her particular sensitivity to low levels of radiation. This sensitivity allegedly developed following a severe viral illness which Claimant contracted in 1955.

Following a hearing at which Claimant appeared without counsel, a referee denied benefits concluding that Claimant had not met her burden of proving adequate health reasons to justify her termination. On

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). This provision, which has recently been amended, now appears at Section 402(b) of the Law, 43 P.S. §802(b), and provides, in pertinent part, as follows:

An employe shall be ineligible for compensation for any week—

. . . .

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

[2] Employer did eventually find another position for Claimant in Minneapolis. Claimant worked for Employer in Minneapolis from October 1, 1979 through the first week of November when she was forced to return to Pennsylvania for surgery.

appeal, the Board affirmed. Claimant subsequently obtained legal counsel and petitioned for reconsideration to allow the introduction of medical evidence. The Board granted the petition and following a hearing before a referee acting as hearing officer for the Board, reaffirmed its prior decision. The instant appeal followed.

The sole issue before us is whether the Claimant justifiably terminated her employment for reasons of health.

It is well settled that the Claimant bears the burden of proving compelling and necessitous cause to terminate employment. *Howell v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 26, 413 A.2d 782 (1980). As recently articulated by our Supreme Court, in order to meet that burden where health reasons are alleged as justification for the termination, the Claimant must (1) introduce competent testimony that at the time of termination adequate health reasons existed to justify termination and (2) inform the employer of her health problems. *Genetin v. Unemployment Compensation Board of Review*, Pa. , 451 A.2d 1353 (1982). The Employer in the instant case concedes that Claimant has satisfied the second requirement set forth above.

With regard to the first requirement, Claimant introduced medical testimony at the hearing on reconsideration which, if determined to be credible, could support her assertion that her susceptibility to low levels of radiation provided adequate justification for her voluntary termination. We are unable to provide appellate review of this issue, however, because the Board failed to make fact findings relative to the medical evidence offered. Instead, the Board's order reinstated its prior affirmance of the

referee's decision. The referee made the following pertinent finding in his original decision:

4. The claimant has not substantiated her contention with any doctor certification, nor has she been advised by a physician to terminate her employment for health reasons.

This finding was clearly supported by the record before the referee following the initial hearing, since Claimant did not produce medical evidence in support of her position at the first hearing. In light of the fact that medical testimony *was* given at the hearing on reconsideration, however, we conclude that the finding, insofar as it indicates that Claimant produced no medical certification, is no longer supported by the record. We note further with respect to this finding that Claimant need not prove that she was advised to quit her job. She need only offer competent testimony that adequate health reasons existed to justify her termination.[3] *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977). Moreover, the fact that medical certifications were obtained *after* her termination does not render them incompetent so long as they relate to the state of Claimant's health on the date of termination. *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

Since there are no findings regarding the medical testimony introduced by Claimant we conclude that a remand is in order. An adjudication by the Board must include all findings necessary to resolve the issues raised by the evidence which are relevant to the

---

[3] We note that it is possible for a claimant to meet this burden of proof without the introduction of expert medical testimony. *Steffy v. Unemployment Compensation Board of Review,*     Pa.     , A.2d     (No. 80-3-736, filed December 17, 1982).

decision. *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975); *Wenrich v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 186, 382 A.2d 1303 (1978). Moreover, we may not infer from the absence of a finding that the matter was resolved in favor of the party who prevailed below. *Page's Department Store.*

We, accordingly, will vacate the order of the Board and remand for further proceedings consistent with the foregoing opinion.

### ORDER

The order of the Unemployment Compensation Board of Review. dated August 11, 1980, is vacated and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.