Camille Dornblum, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, to Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Mark Kaufman,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 14, 1983:

This is an appeal of a decision of the Unemployment Compensation Board of Review (Board) which denied benefits to Camille Dornblum (Claimant) because she was not available for work and was therefore ineligible under 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). Claimant also was deemed to have failed to show cause of a necessitous and compelling nature for her voluntary termination of employment and was, therefore, held ineligible under Section 402 (b)(1) of the Law, 43 P.S. §802(b)(1).

Claimant was employed by the American College of Insurance from October 13, 1980 until July 17, 1981. In a letter to her employer dated July 6, 1981, she stated that because of health reasons she was requesting a transfer to another position, and in the event that transfer was impossible that her resignation was to take effect two weeks afterwards. She substantiated her claim with a letter from her doctor dated June 3, 1981 detailing her illness, identifying her work situation as the cause of its aggravation and recommending a change of position to help improve her problem. On July 17, claimant voluntarily terminated her position.

After a hearing on August 26, 1981 the Referee decided that Claimant had met the burden of proving necessitous and compelling cause for her voluntary termination. The findings of fact by the referee here indicate that claimant had met the burden set forth in *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977), of informing her employer of the health problem, requesting transfer to a more suitable position, if possible, and presenting competent medical evidence that at the time of termination adequate health problems existed to justify termination. The Referee also stated that Claimant failed to establish that she was eligible under Section 401(d)(1) which requires that she be able and available for suitable work because according to her own testimony she was unable to work at all due to her medical condition between July 17, 1981 and August 17, 1981. In an appeal of that decision, the Board declared Claimant ineligible under both sections stating that she failed to qualify for benefits under Section 401(d)(1) but also under Section 402(b)-(1) because she had not demonstrated cause of a necessitous and compelling nature *and had not taken all the necessary and reasonable steps to secure her employment* prior to voluntarily terminating. Specifically the Board was referring to her failure to request a leave of absence for medical reasons.

To establish health as a compelling reason for quitting a job a claimant must: (1) offer competent testimony that adequate health reasons existed to justify termination at the time of termination; (2) have informed the employer of the health problem, and (3) be available, where a reasonable accommodation is made by the employer, for work which is not inimical to his health. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d

1353 (1982). A claimant's failure to meet any one of these conditions will bar a claim for unemployment compensation. *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

In *Genetin,* the Supreme Court refined the requirements originally set forth in *Deiss.* The Court stated in *Genetin:*

> [O]nce [the employee] has communicated his medical problem to the employer and explained his inability to perform the regularly assigned duties, an employee can do no more. . . . As long as the employee is available where a reasonable accommodation is made by the employer, that is not inimicable [sic] to the health of the employee, the employee has demonstrated the good faith effort to maintain the employment relationship required under the Act.

499 Pa. at 131, 451 A.2d at 1356. The Court dispensed with the requirement that an employee must specifically request a transfer to an alternate suitable position, classifying it as a "meaningless ritual that does not further the objectives of the Act." *Id.*

The standard to which Claimant was held by the Board in determining her eligibility under Section 402(b)(1) was clearly incorrect in light of *Genetin.* The record in the case at bar shows that Ms. Dornblum informed her employer of her medical problem and submitted documentary evidence of her condition. Under *Genetin* a claimant need do no more. Here, the Claimant requested a transfer and satisfied the requirements previously set forth in *Deiss* also. She was not required to pursue all possible alternatives before submitting her resignation. *Genetin* places a clear burden on an employer who is cognizant of an employee's medical problem to offer a suitable al-

ternative to termination of employment. None was offered here.[1]

Consequently, the Board erred in finding Claimant ineligible for the weeks after August 17, 1981 for which she was not medically unavailable for work.

### ORDER

Now, October 14, 1983, the order of the Unemployment Compensation Board of Review in the above referenced matter, dated November 6, 1981 is hereby reversed and the matter remanded for calculation of benefits consistent with this opinion.

---

[1] At the time of the August 26, 1981 hearing, the employer testified that alternative positions for which Claimant might be considered were then available, but admitted that on July 17, 1981 when the Claimant resigned, no alternative positions were open. The testimony also makes clear that discussions between Claimant and the employer prior to her termination indicated that no alternative positions were likely to become available until September 1, 1981. The record also shows that at no time was a medical leave of absence suggested to the Claimant as an alternative to termination.