Eric W. Fetterman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 12, 1983, to President Judge Crumlish, Jr. and Judges Barry, and Blatt, sitting as a panel of three.

*Lenore M. Urbano,* with her *Danna Rich-Collins,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, November 7, 1983:

This case comes here on appeal from a decision of the Unemployment Compensation Board of Review (Board) denying benefits to Eric W. Fetterman (claimant).

The claimant was employed by the Lycoming County Juvenile Probation Office (employer) as a juvenile probation aide for approximately one and one-half years until his voluntary resignation for health-related reasons[1] on April 20, 1981. The Office of Employment Security (OES) denied his application for benefits holding that benefits here were precluded by Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The referee, on appeal, reversed this decision but he was, in turn, reversed by the Board, which agreed with the OES concluding that the claimant had failed to show cause of a necessitous and compelling nature to justify his voluntary termination.

Where the party with the burden of proof in an unemployment compensation case does not prevail before the Board, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with conclusions of law and

---

[1] The testimony adduced at trial indicates that, prior to resignation, the claimant was under doctor's care for hypertension, headaches, palpitations, diarrhea, peptic ulcer symptoms and insomnia.

can be sustained without a capricious disregard of competent evidence. *Querry v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 170, 437 A.2d 1048 (1981). And, of course, whether or not a voluntary termination of employment was for cause of a necessitous and compelling nature is a legal conclusion, always subject to appellate review. *Eduardo v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 424, 434 A.2d 215 (1981).

Section 402(b)(1) of the Act, 43 P.S. §802(b)(1) provides in pertinent part as follows:

> an employee shall be ineligible for compensation for any week . . . in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

And, it is the claimant's burden to prove that the cause for his voluntary quit was of a necessitous and compelling nature. *Reid v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 355, 393 A.2d 51 (1978). When related to health reasons, furthermore, a claimant must (1) introduce competent testimony that at the time of termination adequate health reasons existed to justify termination, and (2) inform the employer of the health problems. *Southard v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 178, 454 A.2d 661 (1983).[2] At issue here, specifically, is the first prong of the *Southard* requirements.

---

[2] Although we are aware that *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982), obviated the requirement that the employee attempt to initiate or effectuate a transfer to more suitable work, we are equally cognizant, however, of the employee's responsibility to remain available to the employer if reasonable accommodations can be made by the employer which are not inimical to the employee's health. *Id.* at 130-131, 451 at 1356.

In *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977), our Supreme Court said: "If a claimant realizes that either physically or emotionally he is unable to continue working and he offers competent testimony that, at the time of termination, adequate health reasons existed to justify termination, we can perceive no reason to require claimant to prove that he was advised to quit his job." 475 Pa. at 555-56, 381 A.2d at 136. In *Steffy v. Unemployment Compensation Board of Review,* Pa. , 453 A.2d 591 (1982), the same court held that a claimant could meet his burden of producing competent testimony without the testimony of a physician. Pa. at , 453 A.2d at 594. We must decide, therefore, whether or not the evidence offered by the claimant here was of the type contemplated in *Steffy* if we are to reach the legal conclusion that competent adequate evidence of the claimant's health problems existed to justify his termination.

The Board made, *inter alia,* the following findings of fact: a) On April 20, 1981, the claimant voluntarily terminated his job because the stress and frustration of his employment were adversely affecting his health (finding of fact number 2); b) the claimant was advised by his physician, that if he voluntarily terminated his employment, his health would probably improve (finding of fact number five). In reversing the referee and thereby denying the claimant benefits, the Board said:

The claimant did not offer competent testimony that his voluntary termination was for health reasons. The doctor's statement did not advise the claimant to quit.[3] The certificate stated that the claimant's quitting his employment would probably help his health. The

---

[3] In light of *Steffy,* this factor as a consideration is without merit.

physician's supposition as to the claimant's health is insufficient to justify the claimant's voluntarily terminating his employment.

We believe, however, that the Board has misplaced the weight to be given to the physician's statement.[4] While concluding that the stress and frustration of his job adversely affected the claimant's health, the Board seems to have denied benefits because of the "probable" nature of the doctor's statement. Such reasoning, however, is inconsistent with *Steffy*. The claimant here testified that he was suffering from an assortment of illnesses,[5] which enabled the Board,

---

[4] We remain abreast, however, that the Court in *Steffy* did recognize that in some cases, claimant's testimony and supporting documents could be inadequate. *Id.* at , 453 A.2d at 594. Implicit, therefore, is the notion that a physician's testimony *could* be required.

[5] The following are pertinent excerpts of the evidence adduced at the hearing:

QR: I see. And what was your condition?

AC: My condition at that time was hypertension, my blood pressure being 140/100. I was prescribed, on February 6, 1981, to take 5 milligram Valium three times a day for this condition.

QR: Was this condition occasioned by your work, or some personal problems, or what?

AC: Well, sir, I feel that it's primarily my work.

QCL: Mr. Fetterman, you mentioned, I think in answer to the question about what your health problems were, you mentioned the hypertension and you alluded to the ulcer. Could you list all the health problems that you had at the time that you saw the doctor in February?

AC: Primarily, when I went in in February, I was complaining of headaches, I had a dizziness, a blurring of vision, spots before the eyes, I had an increase with problems intestinally, diarrhea. I did have some problems with my ulcer also.

QCL: Okay. Do you feel you would still have the same health conditions if you were working at another job within the same department?

AC: No. Within the same department?

presumably, to conclude that stress and frustration, which were adversely affecting his health, caused him to quit, and the record adequately supports a conclusion that health problems existed to justify the termination. *See Steffy; Gennaria v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 354, 461 A.2d 918 (1983).

We will, therefore, reverse the decision of the Board and remand to the Board for the computation of benefits.

ORDER

AND Now, this 7th day of November, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed, and the case is remanded to the Board for computation of benefits.

Jurisdiction relinquished.