Myra J. Gress, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 14, 1984, to Judges ROGERS, COLINS and BARBIERI, sitting as a panel of three.

*Ervin S. Fennell, Jr., Maine and Fennell,* for petitioner.

*Michael D. Alsher,* Associate Counsel with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 16, 1984:

The appellant in this unemployment compensation case is a claimant who was employed as a commission sales person for a land developer. In October, 1981, the claimant consulted a physician for gastritis and headaches. They concluded that her gastritis and headaches were the product of the stress and tension of her employment. On April 2, 1982, the claimant sought and was granted a leave of absence for medical treatment. She and her physician finally concluded that she could not tolerate her work, and on May 21, 1982 she informed her employer, a Mr. Randolph, that she would have to leave her work, telling him of her health problem. Mr. Randolph twice testified that when quitting the claimant told him that it was because of her condition of health saying first, "She told me it was for physical reasons that she was quitting" and second, "She did tell me she had medical problems."

The Referee and Board concluded that the claimant was not eligible on the basis of the following findings:

3. The claimant, on May 21, 1982, notified her employer she was quitting and did not spe-

cifically indicate her reason was due to health reasons.

. . . .

5. The claimant did not request a leave of absence which was available for her.

Finding 3 has no support whatsoever in the record; indeed, all of the evidence is to the effect that the claimant told her employer that she was quitting for reasons of health.

Finding 5, concerning the failure of the claimant to ask for an unpaid leave of absence, does not describe a ground for disqualification. A worker who must quit for reasons of health is not, as a condition of receiving unemployment compensation, required to ask for an unpaid leave of absence; and authority to the contrary, *e.g. Redevelopment Authority of the City of Dauphin v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 597, 405 A.2d 1061 (1979), is inconsistent with the Supreme Court's holding in *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). A claimant quitting for health reasons need only prove that his leaving was for adequate reasons relating to his health, and communicate the problem to his employer. He is not required to ask his employer for other more suitable employment, *Genetin;* much less, it seems to us, is he required to ask for an unpaid leave of absence.

Order reversed; the record is remanded for the computation of benefits. Jurisdiction is relinquished.

### ORDER

AND Now, this 16th day of April, 1984, the order of the Unemployment Compensation Board of Review is reversed and the record is remanded for computation of benefits. Jurisdiction is relinquished.