M. Gleyn Hinds, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 2, 1982, to Judges MacPhail, Palladino and Blatt, sitting as a panel of three.

*Helen R. Kotler,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel for respondent.

Opinion by Judge Blatt, April 26, 1984:

M. Gleyn Hinds (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which reversed the referee's decision to award benefits and denied the claimant benefits for failing to prove a necessitous and compelling reason for voluntarily terminating her job as a tax accountant with Rockwell International (employer). Section 402 (b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The Board's findings of fact included the following:

1. The claimant was last employed as a tax accountant by Rockwell International from July 27, 1953, at a final rate of $1,184.00 a month and her last day of work was June 19, 1981.

2. On June 19, 1981, the claimant voluntarily terminated her employment because she believed it had an adverse effect upon her health.

3. The claimant had been given additional duties in May 1980 and sometimes her workload caused her to work overtime, but she worked less overtime then [sic] most of the employes in her department.

4. The claimant had been advised by her doctor to take a two week recuperation period in February 1981; the claimant was not entitled to sick leave for two weeks and she used only several days of vacation time for recuperation.

5. Prior to her last day of work the claimant had not seen her doctor for five or six weeks, and had not had to be absent for illness during the last several months of her employment.

6. The claimant herself made the decision that she should terminate her employment; she was not advised by her doctor to terminate her employment.

7. The claimant's doctor certified in part on July 7, 1981, that the claimant was suffering from exhausation and fatigue from over work but at that time did not certify that he had advised her to terminate her employment.

8. On July 17, 1981, the doctor certified in part that he had advised her to terminate her employment and that she was suffering from, among other things, exhaustion.

9. The claimant did not discuss her health problems with her employer prior to leaving; she also failed to request a medical leave of absence or an assignment to work in keeping with her condition.

10. The employer was not aware of the claimant's health problems at the time she left her employment.

11. The claimant was paid vacation pay at the time of her separation, which was a permanent separation.

12. The claimant is able to work and available for suitable work.

Our scope of review in an unemployment compensation case where the party with the burden of proof, here the claimant,[1] fails below is limited to determining whether or not the Board capriciously disregarded competent evidence and whether or not the findings of fact are consistent with each other and with the conclusions of law. A capricious disregard of competent evidence has repeatedly been defined by this Court as ". . . a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result." *Unemployment Compensation Board of Review v. Atlantic Richfield Co.*, 22 Pa. Commonwealth Ct. 511, 513, 349 A.2d 496, 497 (1975).

Both the referee and the Board found that the claimant here had voluntarily terminated her position with the employer after she concluded that her job

---

[1] When a claimant voluntary terminates her position, she bears the burden of proving that her reason was of a necessitous and compelling nature. *Reid v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 355, 393 A.2d 51 (1978).

had an adverse effect on her health.[2] (Finding of Fact No. 12 of Referee's Decision and Finding of Fact No. 2 of the Board Decision.) And, in *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982), our Supreme Court held that an employee remains eligible for unemployment compensation benefits when she voluntarily quits her job for health reasons if, (1) at the time of termination, health problems exist which justify termination, (2) the employee informs the employer of those problems, and (3) the employee remains available, upon a reasonable accommodation by the employer, for work which is not dangerous to her health. *See also Dornblum v. Unemployment Compensation Board of Review,* 77 Pa. Commonwealth Ct. 547, 466 A.2d 747 (1983). While the Board found that this claimant did introduce competent evidence that she was suffering from exhaustion and nervous fatigue at the time of termination,[3] (Board Finding of Fact No. 7) and that she was available for suitable work (Board Finding of Fact No. 12), it also found that she had failed to inform her employer of her health problems. (Board Findings of Fact No. 9[4] and No. 10.)

---

[2] In *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977), our Supreme Court held that a claimant need not prove that she was advised by a physician to quit her job if the claimant offers competent testimony that, at the time of termination, adequate health reasons existed to justify termination.

[3] Although the claimant's physician certified that adequate health problems existed at the time of termination to justify quitting one month *after* the claimant left her job, we note that such a statement is sufficient if it reasonably explains and supports the claim of health problems on the date of termination. *See Deiss, supra* and *Elshinnawy v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 597, 317 A.2d 332 (1974).

[4] We remind the Board that the claimant is not required to request either a medical leave of absence or a change in her work assignment to prove a necessitous and compelling reason for voluntarily terminating her job. *Genetin.*

The claimant argues that the Board capriciously disregarded competent testimony when it found that she had not informed her employer of her health problems and that, in disregarding findings of fact made by the referee and making new findings of fact without taking any additional evidence, it violated the standards established by our Supreme Court in *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982) (plurality opinion).[5]

Our thorough review of the record reveals that both the claimant and the witnesses for the employer testified that in February of 1981, approximately four months before the claimant quit work, the employer received a letter from the claimant's physician which described her health problems as being caused in part by her work situation. The employer's witnesses also stated during the hearing that they had discussed the letter with the claimant and advised her to follow her doctor's instructions.

While the referee made a specific finding of fact regarding the physician's letter and its content (Referee Finding of Fact No. 7) and also found that the "employer was always aware of claimant's medical condition" (Referee Finding of Fact No. 11), the Board made no mention of the physician's letter in its findings and, as stated above, found that the claimant had failed to communicate her health problems to the employer. Curiously, in its brief, the Board acknowledges that the claimant "communicated her alleged health problems to the Employer in late February 1981" but argues that her failure to restate the problem in June of 1981, on the day she quit, should preclude her from receiving benefits. Here we believe that the Board not only violated *Treon* when it ignored

---

[5] *See* text at p. 74.

findings of fact made by the referee based upon the consistent and uncontradicted testimony of both parties *without explanation* but it capriciously disregarded competent testimony in finding, unconditionally, that the employer was not aware of the claimant's health problems. (Board Finding of Fact No. 10.)

We are, of course, cognizant of the Board's express statutory power pursuant to Section 504 of the Law, 43 P.S. §824 to ". . . affirm, modify, or reverse the determination or revised determination, . . . , of the Department [OES] or Referee on the basis of the evidence previously submitted in the case, or [to] direct the taking of additional evidence." We feel compelled to remind the Board, however, that our Supreme Court in *Treon* expressly held that "[i]f particular findings [of the referee] are inconsistent, incredible or unsupported by the evidence, then the Board must so indicate. *The Board may not, however, simply disregard findings made by the referee which are based upon consistent and uncontradicted testimony without stating its reasons for doing so.*" *Treon,* 499 Pa. at 461, 453 A.2d at 962 (emphasis added).

In *Treon,* the Court, after concluding that the Board had ignored a finding made by the referee without justification, reinstated the referee's finding. *Id.* at 461, 453 A.2d at 963. We must do likewise here, and so we will reinstate the seventh finding made by the referee which reads:

> By letter dated February 24, 1981, claimant's physician wrote to claimant's supervisor indicating the claimant should have a 2 weeks [sic] recuperation period to recover from physical and mental fatigue.

The legal issue still remaining, of course, is whether or not a letter sent to the employer approximately four months before a claimant's voluntary termination

date is sufficient notice to the employer of the claimant's health problems so as to satisfy the claimant's burden to prove a necessitous and compelling reason for having quit.[6] We believe that it is. And, inasmuch as the Board clearly found that the claimant's health problems justified her leaving and that she is now available for suitable work, we must hold that she has met her burden under *Genetin.*

Accordingly, we reverse the decision of the Board and remand for the computation of benefits.

### ORDER

AND Now, on this 26th day of April, 1984, we hereby reverse the Unemployment Compensation Board of Review in the above-captioned matter and remand for the computation of benefits. Jurisdiction relinquished.

---

[6] The general question of whether or not the claimant's reasons for terminating her job voluntarily are of a necessitous and compelling nature is one of law and thus, subject to our review. *Eduardo v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 424, 434 A.2d 215 (1981).