John J. Beattie, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 13, 1984, before Judges MacPHAIL and BARRY, and Senior Judge BLATT, sitting as

a panel of three. Reargued September 11, 1985, before President Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Andrew F. Erba*, with him, *Terry L. Fromson*, for petitioner.

*Richard F. Faux*, Associate Counsel, with him, *Charles Hasson*, Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, October 21, 1985:

John J. Beattie (claimant) appeals from the decision of the Unemployment Compensation Board of Review (Board), which denied him unemployment compensation benefits on the grounds that he voluntarily quit his job without necessitous and compelling cause pursuant to the provisions of Section 402(b) of the Pennsylvania Unemployment Compensation Law (Law).[1] The issue for review is whether the claimant had necessitous and compelling reasons to terminate his employment as a matter of law.

The claimant had been employed as a psychiatric assistant by Albert Einstein Medical Center (employer), his last day of work being May 14, 1982. Immedi-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

ately prior to termination, claimant was absent from work on an approved medical leave of absence for drug and alcohol abuse. Upon the claimant's return, he requested a transfer from his present position because alleged drug and alcohol abuse by his immediate co-workers was not conducive to his recovery. The patient care coordinator, from whom the claimant requested this transfer, informed him that she had no power to effect the transfer, and referred him to the Personnel Director who would have knowledge of different positions available. The claimant never availed himself of this opportunity. He also refused an additional leave of absence, and voluntarily quit his position, alleging a lack of cooperation from the employer in dealing with his medical needs.

Where the party with the burden of proof in an unemployment compensation case does not prevail before the Board, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with conclusions of law and can be sustained without a capricious disregard of competent evidence. *Fetterman v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 233, 467 A.2d 402 (1983). Whether or not a voluntary termination of employment was for cause of a necessitous and compelling nature is a legal conclusion, always subject to appellate review. *Eduardo v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 424, 434 A.2d 215 (1981).

When a claimant voluntarily terminates employment, he has the burden of proof of showing necessitous and compelling reasons for his action. *Kernisky v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 199, 309 A.2d 181 (1973). In cases where a claimant terminates employment for medical reasons, the claimant may meet his burden by showing that at the time of termination adequate

health reasons existed to justify termination and that he communicated his medical problem and inability to perform his regular duties to his employer. *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982). The claimant in this case testified that he had suffered from drug and alcohol dependency. When he completed his detoxification program, and returned to work, he believed that he was being pressured by co-workers to resume his drug habits. The claimant became depressed and suicidal. The claimant during this period of time was seeing a psychiatrist, and apparently his emotional difficulties were detrimentally affecting his mental health. The claimant's testimony in this regard is certainly competent to show that adequate health reasons existed to justify his termination. *Steffy v. Unemployment Compensation Board of Review,* 499 Pa. 367, 453 A.2d 591 (1982). Emotional and psychological stress constitute adequate health reasons for termination of one's employment. *Fetterman v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 233, 467 A.2d 402 (1983); *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A.2d 181 (1973). Therefore, we must hold that the Board erred, as a matter of law, insofar as its decision stated that the claimant did not have adequate health reasons for his termination.

It is also clear from the record, and the findings of the Board, that the claimant communicated to his employer his medical difficulties. The claimant has, therefore, satisfied his initial burden under the test enunciated in *Genetin,* 499 Pa. 125, 451 A.2d 1353 (1982).

The claimant having met his burden, the burden of proof shifts to the employer, who must show that he offered suitable work to the claimant consistent with the claimant's medical limitations if benefits are to be

denied. "If in the event such an opportunity was proposed to appellant and he declined to avail himself of it, a finding of ineligibility under Section 401(b)(1) [sic] would then be appropriate." *Genetin,* 499 Pa. at 132, 451 A.2d at 1356. The claimant's immediate supervisor told the claimant that she could not transfer him, such being beyond her authority. She specifically instructed him that he should see the Personnel Director and the bulletin board in order to effect a transfer. The claimant never availed himself of this opportunity, even though he knew that it was the only way to effect a transfer. We do not believe that *Genetin* requires the employer to convolute their administrative processes in order to accommodate the claimant. The claimant must be available for reasonable accommodations of the employer, and when he fails to pursue such reasonable accommodations of the employer, in this case the reasonable request that the claimant pursue his desire for a transfer through the proper channels, then the employer has met its burden of showing that it provided the claimant a suitable opportunity to remain working which was rejected.

Of course, the claimant may show that such an effort on his part would have been futile, and indeed tried to show such in this case by asserting that he was told that there was a "hiring freeze" which would prevent his transfer. However, the claimant was offered an additional leave of absence, during which time the "hiring freeze" might have ended. Additionally, the Personnel Department may have made an exception to the "freeze" in the claimant's case because of the special circumstances. Therefore, we find that the claimant has not met his burden of showing futility, as a matter of law.

The employer testified concerning her instructions to the claimant to go through proper channels to effect a transfer. The Board accepted such testimony. The

Board is the ultimate arbiter of credibility. *Fuentes v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 546, 413 A.2d 449 (1980). There was no capricious disregard of competent evidence by the Board, nor did the Board err as a matter of law. Accordingly, we will affirm.

## ORDER

AND Now, October 21, 1985, the order of the Unemployment Compensation Board of Review, No. B-216036, dated March 18, 1983, is affirmed.