530 A.2d 1014

Bruce H. Wagner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 7, 1987, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Allen J. Koslovsky, Southwestern Pennsylvania Legal Aid Society, Inc.,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, September 3, 1987:

Bruce Wagner, the claimant, appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a decision of a referee denying benefits pursuant to Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (Supp. 1987) (voluntarily terminating employment without cause of a necessitous and compelling nature).

The claimant was employed as a truck driver by Gale Trucking after December 15, 1984. Prior to that time, he had been an employee of Great American Lines driving Gale Trucking's equipment. In January of 1985, the claimant notified the employer that he could not work until he obtained medical treatment for a neck problem. Because the claimant failed to appear at a magistrate's hearing regarding a violation concerning one of the employer's trucks in February of 1985, the employer considered claimant to have abandoned his

employment. Claimant had an operation to correct the neck problem on May 16, 1985. His doctor released him to work on June 23, 1985; claimant was, however, restricted from driving a truck.

The claimant filed an application for benefits on June 23, 1985. Following a hearing, the referee denied benefits. The Board, despite making factual findings somewhat different from those of the referee, affirmed. This appeal followed.

Both the referee and the Board based the denials of benefits on the fact that the claimant had never notified the employer of his health problems at the time he terminated his employment and never requested a transfer to another position. In *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 130-31, 451 A.2d 1353, 1356 (1982), the Court stated:

> Where an employee because of a physical condition, can no longer perform his regular duties, he must be available for suitable work, consistent with his medical condition, to remain eligible for benefits. However, once he has communicated his medical problem to the employer and explained his inability to perform the regularly assigned duties, an employee can do no more. The availability of an employment position, the duties expected to be performed by one serving in that capacity, and the desirability of that individual for service in that capacity are managerial judgments over which the employee has no control. As long as the employee is available where a reasonable accommodation is made by the employer, that is not inimicable to the health of the employee, the employee has demonstrated the good faith effort to maintain the employment relationship required under the Act. . . . To insist upon the employee's initiating

the quest for an alternative position, would require a meaningless ritual that does not further the objectives of the Act. (Citations omitted.)

In relying upon the failure of the claimant to request a transfer to another position, both the referee and the Board erred.

Despite this error, we believe an affirmance is in order. Under *Genetin,* the employee must inform the employer of his medical problems and we believe such information must be given to the employer, or the employer must be aware of such condition, near the time of the voluntary quit. In the present case, there are no findings as to when the claimant actually quit his position. The Board made findings that in February of 1985, the employer *considered* claimant to have abandoned his position. We do not believe an employer's beliefs are necessarily crucial in this type of case. It should be remembered that in January of 1985, the claimant did inform the employer of his health problems and further informed the employer that he was unable *to work* until these problems were corrected. The claimant did not specify that he was disabled only because he could not drive a truck. While the employer testified that he sent a termination notice to the claimant in March of 1985, the Board made no findings on this contention, choosing to treat this case as one involving a voluntary quit. What we do know from the findings is that, after claimant was released to return to work following his surgery, he did not contact the employer. Rather, he applied for benefits. We can say, without invading the fact finding province of the Board, that claimant voluntarily quit his employment sometime after the surgery yet he failed to notify the employer at or around the time of the voluntary quit that he could return to work but could not drive a truck. By failing to so inform the employer, the

claimant has failed to satisfy the initial requirement of *Genetin*. As such, the order of the Board must be affirmed.

## ORDER

Now, September 3, 1987, the order of the Unemployment Compensation Board of Review, dated November 20, 1985, at No. B-244805, is affirmed.