533 A.2d 816

Judith Moss, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on Briefs March 4, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*David L. Hill,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, November 23, 1987:

Judith Moss (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which overturned a referee's decision to grant her unemployment compensation benefits on the basis of Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The Board determined that Claimant did not have a necessitous and compelling reason for terminating her employment with the Southeastern Pennsylvania Transit Authority (Employer). We reverse.

The facts as found by the Board may be summarized as follows. Claimant was employed for 23 years by Employer, working as a receptionist and doing various clerical tasks. Due to the stressful nature of her work, she developed various physical ailments which caused her to be unable to work after February 20, 1985. She notified her employer of this disability and submitted proper documentation. She received disability benefits from February, 1985 until April, 1985. Thereafter, she was on unpaid sick leave until June 1, 1985, when she voluntarily terminated her employment and began receiving disability retirement benefits from her Employer. In May, 1985, her physician advised her that she was physically able to resume work in a less stressful position. The Board found that the Employer had a transfer policy, that Claimant was aware of it and that she failed to avail herself of the transfer procedure, instead electing to pursue disability retirement benefits.

The issue before us concerns the conclusion of law the Board applied to the above facts. Claimant argues

that, having met the requirements enunciated in *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982) of (1) offering competent testimony to show that adequate health reasons existed to justify termination of employment at the time of termination and (2) having informed the employer of a health problem, she has established a necessitous and compelling reason for terminating her employment. We agree.

The Board, in seeking to distinguish several of this Court's decisions following *Genetin*, contends that Claimant, because she was on a leave of absence from her employment, was required to remain on that leave for a reasonable amount of time in order to maintain the employment relationship. The Employer here had a policy that provided that an employee could apply for transfer to positions not currently open, and that such applications would be retained on file for one year. The Board asserts that because Claimant, by virtue of her seniority status, had sufficient sick leave to remain on leave for a year, she was required to do so. However, our cases following *Genetin* suggest the opposite result. Our Supreme Court in *Genetin* made it clear that a claimant has the burden to prove that she quit for necessitous and compelling reasons. The Court stated the general rule as follows:

> Where an employee because of a physical condition, can no longer perform his regular duties, he must be available for suitable work, consistent with the medical condition, to remain eligible for benefits. However, once he has communicated his medical problem to the employer and explained his inability to perform the regularly assigned duties, an employee can do no more. The availability of an employment position, the duties expected to be performed by

> one serving in that capacity, and the desirability of that individual for service in that capacity are managerial judgments over which the employee has no control. As long as the employee is available where a reasonable accommodation is made by the employer, that is not inimicable to the health of the employee, the employee has demonstrated the good faith effort to maintain the employment relationship required under the Act. . . . To insist upon the employee's initiating the quest for an alternative position, would require a meaningless ritual that does not further the objectives of the Act.

*Genetin*, 499 Pa. at 130-131, 451 A.2d at 1356 (citations omitted).

This Court has followed *Genetin* in numerous cases. In *Dornblum v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 547, 466 A.2d 747 (1983), we held that a claimant was not required to pursue all possible alternatives with her employer before terminating her employment for health reasons. The claimant therein requested a transfer, then subsequently resigned. We noted that *Genetin* places a "clear burden on an employer who is cognizant of an employee's medical problem to offer a suitable alternative to termination of employment." *Dornblum*, 77 Pa. Commonwealth Ct. at 550-551, 466 A.2d 749. As in this case, none was offered, and benefits were allowed.

In *Evasovich v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 395, 471 A.2d 921 (1984), we held that a claimant had no duty to request a leave of absence while an employer considered his request for a transfer for health reasons. Again, we noted that a claimant, who has communicated his health difficulty to his employer, has no duty to request a transfer, though he must be able and available to ac-

cept a reasonable accommodation should one be offered by his employer.

Our holding in *Gress v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 591, 474 A.2d 76 (1984) is succinct: a claimant quitting for health reasons need not request a leave of absence. The Board attempts to avoid application of this clear language based upon *Beattie v. Unemployment Compensation Board of Review*, 92 Pa. Commonwealth Ct. 324, 500 A.2d 496 (1985). In *Beattie*, we held that a claimant who requested a transfer from the wrong person and who was referred to the proper department had to avail himself of the opportunity for transfer presented by the employer. We stated: "We do not believe that *Genetin* requires the employer to convolute their [sic] administrative processes in order to accommodate the claimant." *Beattie*, 92 Pa. Commonwealth Ct. at 328, 500 A.2d at 499.

The present matter, however, is factually distinguishable. The Board argues that it is reasonable to expect a claimant who has valid health reasons for terminating her employment to continue an unpaid leave of absence for up to one year, during which time the employer may or may not offer employment within claimant's limitations. We believe that *Beattie* must be read as requiring some diligence on the part of a claimant who has requested a transfer to pursue that request by allowing his employer the opportunity of accommodating him. On the facts of this case, however, we are unwilling to extend *Beattie* merely because the employer has introduced evidence of a policy regarding transfers, given that there is no indication when or if suitable work might become available.

For these reasons, we reverse the order of the Board and remand the record for computation of benefits.

ORDER

AND NOW, this 23rd day of November, 1987, the Order of the Unemployment Compensation Board of Review, dated May 19, 1986, is reversed.