DISSENTING OPINION BY
JUDGE COSGROVE
As the Majority opinion runs counter to Genetin v. Unemployment Compensation Board of Review, 499 Pa. 125, 451 A.2d 1353 (1982), I must dissent. In Genetin, the Supreme Court held that once an employee has communicated a medical problem to the employer “and explained [his] inability to perform [his] regularly assigned duties, an employee can do no more... As long as the employee is available where a reasonable accommodation is *408 made by the employer, that is not inimica-ble to the health of the employee, the employee has demonstrated the good faith effort to maintain the employment relationship required under the [Law].” Id. at 1356.
In this case, there is no question that such communication was made. The difference of opinion seems to rest on which side next has the greater responsibility. The Majority suggests that Claimant, in this case, was provided a large list of potential jobs — 132 in number, with Employer ultimately narrowing this to two — and asked to contact human resources. For her part, Claimant specifically applied for a different position not identified on this list, which cannot be seen as anything other than a clear indication of her “good faith effort to maintain the employment relationship...” Genetin, 451 A.2d at 1356. However, because Claimant never contacted human resources nor applied for one of the myriad of jobs (or the sub-species of two) which Employer had presented, the Majority suggests Claimant failed to fulfill her obligation under the Law and is thus precluded from receiving benefits.
What is more important under the Gene-tin rationale, however, is what steps Employer did (or did not) take. As Claimant clearly indicated her desire to “maintain the employment relationship ... it was then incumbent upon the [Ejmployer to provide suitable work.” 451 A.2d at 1356 (emphasis added). No such action was taken by Employer, nor can the presentation of a list of 132 jobs, or the singling out of one, two, or ten possible jobs, satisfy the mandate required by Genetin. There is nothing subtle about the Supreme Court’s command that an employer in a case such as this must “provide” work appropriate to the employee and her particular situation. Whether this is to be couched in the term “firm offer” or some other language, there can be little doubt that the steps taken by Employer in this case do not satisfy Gene-tin. As the Board below got it right, I am compelled to dissent.
President Judge Leavitt and Judge Wojcik join in this dissent.