Sue Fallack, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Maurice Pollon,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 8, 1979:

The Unemployment Compensation Board of Review (Board) denied claimant's application for benefits based on the following Finding of Fact.

2. Claimant voluntarily terminated her employment because she was dissatisfied with the working conditions; also, she wished to relocate in Florida.

We affirm.

Claimant became dissatisfied with her work when, in January, 1974, her office location was moved, increasing her travel time. One of the reasons for the move was to have her work on accounts payable put on a data processing system. She was reassigned other accounting work but her pay was not reduced. Although dissatisfied with her new work assignment she continued to work until May of 1976. She learned of possible job opportunities in Florida, quit, and went to Florida.

An examination of the record, and especially claimant's own testimony, amply supports the Board's finding.

A hearing on claimant's application was held in Florida with the Florida referee conducting that hear-

ing as an Agent for Board. Claimant objects that she did not have an opportunity to cross-examine her employer's representative or to present rebuttal testimony. She has requested a remand for this purpose. We do not see that a remand is appropriate, especially under these circumstances where the burden is upon the claimant and the Board has found against her based on her own testimony.

Accordingly, we will enter the following

ORDER

AND Now, January 8, 1979, the Order of the Unemployment Compensation Board of Review at No. B-147331, dated July 12, 1977, is hereby affirmed.