Edward D. Thomas, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review Respondent.

Argued December 4, 1979, before Judges WILKIN-
SON, JR., BLATT and CRAIG, sitting as a panel of three.

*Sandra L. Smales,* with her *Mark A. Senick,* for
petitioner.

*Gary Marini,* Assistant Attorney General, with him
*James Bradley,* Assistant Attorney General, *Richard
Wagner,* Chief Counsel and *Edward G. Biester, Jr.,*
Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 22,
1980:

Petitioner (claimant) was employed by respondent
(hotel) in excess of 17 years. At the time of his ter-
mination by the hotel management, he was head morn-
ing chef. On the morning of June 16, 1977, the hotel
restaurants were quite busy and service of orders in
the kitchen was extremely slow, resulting in many dis-
satisfied customers. The hotel management, upon re-
viewing the situation, determined that the problem
was caused by a deliberate slowdown in the kitchen

and fixed responsibility for the occurrence on the claimant. He was discharged the next day.

Claimant applied for unemployment compensation benefits, which were granted by the Bureau of Employment Security (Bureau).[1] The hotel appealed and a hearing was held, after which the referee reversed the Bureau's determination and denied benefits on the basis of claimant's willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Claimant appealed to the Unemployment Compensation Board of Review (Board), which issued an order disallowing further appeal pursuant to Section 502 of the Law, 43 P.S. §822. Claimant appeals the Board's order to this Court.

An abundance of testimony was offered at the hearing regarding whether or not the claimant had engaged in an intentional slowdown and whether or not his conduct was detrimental to the best interests of his employer. The hotel argued that the claimant's delay in processing orders and his inability to process certain orders caused financial detriment to his employer and was the result of the claimant's intentional actions and not merely of the extraordinary demands of the day. Although the claimant denied all misconduct and offered testimony to rebut the employer's claims, the referee and the Board chose to believe the employer's witnesses.[2] Such conflicts in testimony are properly resolved by the referee and the Board. *Stewart v.*

---

[1] Now Office of Employment Security. See 9 Pa. B. 2879 (1979).

[2] The third finding of fact is:

During the morning of June 16, 1977, the hotel restaurant was very busy but the claimant, as head morning cook, delibertly refused to work in a fashion to meet the demands made upon the kitchen and to the contrary, worked in a fashion to insure that said demands would not be met.

*Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 279, 402 A.2d 302 (1979).

After a complete examination of the facts, the referee and the Board determined that claimant's actions in disregard of expected standards of behavior rose to the level of willful misconduct as contemplated by Section 402(e) of the Law. We find substantial evidence in the record to support such a conclusion.

Accordingly, we will enter the following

### ORDER

AND Now, January 22, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-156297, dated April 13, 1978, denying benefits to the claimant, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.