Mary Ellison, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 5, 1981, to Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Gary M. Rose,* for petitioner.

*Richard Wagner,* Chief Counsel, with him *Richard C. Lengler,* Law Student-Intern, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 10, 1981:

Claimant appeals to this Court to reverse a decision of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination to deny benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), for voluntarily terminating claimant's employment without necessitous and compelling reasons. We affirm.

Claimant had worked for sixteen years as a beautician at the Philadelphia State Hospital, when she terminated the employment relationship, alleging that the work was causing her to suffer from high blood pressure and a nervous condition. Her physical problems were caused, claimant contends, by the employer's requirement that the door to the room where she worked be locked when she was attending to patients. The locks to which claimant objected had been installed approximately two years before she left her job.

The referee found that claimant was not under the care of a physician at the time of her termination, nor was she advised by a doctor to sever the employment relationship. She did not request a leave of absence

or a transfer before leaving. These findings were affirmed by the Board.

Upon appeal to this Court, claimant raises two issues: (1) whether the Board erred in finding her ineligible, since her working conditions provided necessitous and compelling reason to leave, and (2) whether the Board erred in finding that claimant was not able and available for work, in light of the referee's failure to first explain to her what the words "able," "available," and "work" meant.

In the absence of fraud or its equivalent, our scope of review is limited to resolutions of

> [Q]uestions of law and a determination of whether the findings of the Unemployment Compensation Board of Review are supported by the evidence, leaving to the Board questions of credibility and weight of the evidence, and giving to the prevailing party the benefit of any favorable inferences which can reasonably and logically be drawn therefrom.

*Horace W. Longacre, Inc. v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 176, 178, 316 A.2d 110, 111 (1974).

The referee made, and the Board affirmed, five findings in this case. Claimant admits that she voluntarily terminated her employment, without the advice of a doctor, because she felt that her working conditions were having a negative effect on her health, and that she did not request other work or a transfer prior to leaving. A review of the record indicates that the findings of fact are supported by substantial evidence; they are therefore conclusive upon appeal. However, the legal conclusions drawn therefrom are subject to the scrutiny of this Court. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

Claimant's contention is that, as a matter of law, the conditions under which she labored, and their effect on her health, constituted compelling reasons for leaving, which negate the voluntariness of her actions. The burden, in a Section 402(b)(1) case, is upon claimant to prove such compulsion. *Borman v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974). Because claimant is alleging health reasons for her voluntary termination, she must:

> (1) offer competent testimony that *at the time of her termination* adequate health reasons existed to justify termination; (2) inform the employer of the health problems; and (3) specifically request the employer to transfer her to a more suitable position.

*McQuiston v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 250, 253, 390 A.2d 317, 318 (1978).

Testimony established that claimant did not comply with the requirement of requesting a transfer or leave of absence, there is no indication on the record that the employer was aware of her health problems, and the letter offered by claimant from the doctor who examined her a month after her termination does not fulfill the essentials of the first portion of the three-pronged requirement.[1]

This Court therefore finds, as a matter of law, that claimant has not met her burden, and is not eligible for unemployment compensation benefits under Section 402(b)(1) of the Act.

---

[1] The letter from a second doctor, addressed to the referee, dated several weeks after the hearing, is not only not a part of the record of which this Court takes cognizance, it does not establish that claimant had adequate reasons at the date of termination for so doing.

We now turn to claimant's second allegation, that the referee did not perform his duty to give claimant "every assistance" under 34 Pa. Code 101.21,[2] because he neglected to explain what he meant by "able and available" and by "work," prior to asking claimant whether she was able and available to accept work. In propounding such an argument, claimant disregards the directive of the regulation that the assistance proffered by the referee be in keeping with "the impartial discharge of [his] official duties." The referee cannot be expected to advocate for those who do not have their own counsel at hearings, nor can he be burdened with the continuing obligation of defining ordinary words, used in ordinary questions in a fashion which does not deviate from common and accepted usage. In this instance, the referee launched into an extensive series of questions obviously attempting to establish claimant's reasons for saying that she was not able to work, and to, if possible, ameliorate the negative aspects of that answer. If anything, this referee went out of his way to give claimant the opportunity to testify that she was, in some fashion, attached to the labor market after she left her job.

We hereby find that the Board committed no error in refusing to grant benefits to the claimant.

## ORDER

AND Now, this 10th day of July, 1981, the decision and order of the Unemployment Compensation Board of Review, Decision No. B-182851 is affirmed.

---

[2] 34 Pa. Code §101.21(a) reads as follows:

In any hearing the tribunal may examine the parties and their witnesses. Where a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining witnesses and give him every assistance compatible with the impartial discharge of its official duties.