Chalmers Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

410

Argued February 1, 1982, before Judges MENCER, BLATT and DOYLE, sitting as a panel of three.

*Garnita M. Selby, Selby and Merriweather,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, March 22, 1982:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits pursuant to Section 402(b)(1) of the Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1). The Board held that Chalmers Johnson (claimant) had voluntarily terminated his employment without cause of a necessitous and compelling nature.

The claimant had been employed as a presser by Pincus Brothers (employer) from February 28, 1979 until March 30, 1979, on which date, he left work al-

legedly because of pain in his back. He did not request a leave of absence before he left nor did he then submit a doctor's certificate to his employer. He went to the employer's place of business to pick up his paycheck on June 4, 1979, however, and he was then informed that he had been replaced. After a hearing at which the claimant appeared and testified that he had visited a doctor on June 5, 1979 who advised him to stay off his feet and take it easy, but at which the employer was not present, the referee affirmed the initial denial of benefits which had been made by the Bureau of Employment Security.

Where the party with the burden of proof has not prevailed below, our scope of review is limited to a determination of whether or not all necessary findings of the Board are consistent with each other and with the conclusions of law and whether or not they can be sustained without a capricious disregard of competent evidence. *Ruckstuhl v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981). And, in conducting such an examination, the testimony must be examined in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences which can logically and reasonably be drawn from the testimony. *Lee v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 480, 426 A.2d 757 (1981). Questions of credibility and of evidentiary weight to be afforded the evidence are for the Board and not for this Court to resolve. *Rowles v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 613, 425 A.2d 492 (1981).

It is true, of course, that a health problem may constitute a necessitous and compelling cause for voluntarily terminating employment. To qualify for unemployment compensation benefits, however, a claimant must prove by competent medical evidence that a prob-

lem sufficient to justify termination existed at the time of termination, that he informed the employer of the problem then and that he specifically requested transfer to a more suitable position. *Ellison v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 451, 431 A.2d 1094 (1981). Further, a physician's statement obtained *after* the termination of employment can have little evidentiary value unless it adequately explains and supports the health reason as it existed on the date of termination. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977). The claimant here did not obtain a physician's statement until June 5, 1979, which date fell after both the March 30, 1979 date of termination found by the compensation authorities and the June 4, 1979 date asserted by the claimant to be the date he left employment. And there is no evidence in the record whatever that the physician ever examined the claimant prior to June 5, 1979. The claimant, therefore, did not offer the competent medical evidence necessary to establish that the state of his health *at the time.* of termination was such as to justify termination. Neither did he offer evidence that he had requested transfer to more suitable work.

The claimant asserts that his constitutionally guaranteed due process rights were violated by a decision in the employer's favor following a hearing at which the employer did not appear. He also objects that he was not afforded his right to face his accusers or to cross-examine them. In so arguing, however, he fails to recognize that the burden of proof was upon him and, that upon consideration of the evidence he himself offered, it is clear that he failed to meet this burden. *Fallack v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth. Ct. 564, 395 A.2d 1058 (1979). The presence or absence of the employer, therefore, was irrelevant.

We will affirm the decision of the Board.

ORDER

AND Now, this 22nd day of March, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.