Florence Weisback, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Florence Weisback,* petitioner, for herself.

*Richard Lengler,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 5, 1983:

The petitioner, an unemployment compensation claimant, appeals from an order of the Unemployment Compensation Board of Review (Board), denying her benefits as a voluntary quit pursuant to Section 402(b) of the Unemployment Compensation Law, 43 P.S. §802(b).

The petitioner was employed by the Fraternal Order of Police Senior Citizens, Inc. for four and one-half years as a secretary-bookkeeper at a retiree's home conducted by her employer. On February 12, 1980, she left her work. She testified at the referee's hearing that she left because she had been assignd to acquaint a newly appointed superintendent with the work; that

> he made it very difficult for me to try to teach
> him and my nerves got so bad that on the 12th
> I just figured I'm tired talking to this man, he
> didn't want to do anything that I showed him,
> he complained all the time, and I just quit and
> walked right out.

The referee and Board found that the claimant quit her job on account of dissatisfaction with the work and thus was ineligible for benefits. This finding is plainly supported by substantial evidence. The claimant also complains that the work of instructing a new

superintendent caused her to be nervous. She did not, however, bring this fact to the attention of her employer and there is no evidence which would support a finding that her health required her to quit. *See Genetin v. Unemployment Compensation Board of Review,* Pa. , A.2d (No. 9 W.D. Appeal Dkt. 1982, filed November 4, 1982).

Order affirmed.

#### ORDER

AND Now, this 5th day of January, 1983, the order of the Unemployment Compensation Board of Review, dated May 22, 1981, is affirmed.