Mary Ann Smith, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 14, 1983, to Judges WILLIAMS, JR., DOYLE and BARBIERI, sitting as a panel of three.

*Lawrence M. Woods, Woods, Baker & Cleland,* for petitioner.

*Richard F. Faux*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 23, 1984:

This is an appeal by Mary Ann Smith (claimant) from the decision and order of the Unemployment Compensation Board of Review denying benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1]

The undisputed facts reflect the following scenario. The claimant was employed for more than seven years, until June 5, 1981, as a factory worker for an electronics company. Her position required that she work with small pieces of metal. For two years prior to her separation, the claimant was under medical treatment for a visual disorder known as hyperopia. Due to this disorder, the claimant's eyesight was becoming progressively worse due in part to working with small objects in her job. At some point prior to her resignation, the claimant's physician recommended that she find work involving less visual stress. On June 1, 1981, the claimant gave notice to the employer's office manager of her intent to quit the job for health reasons within the week. The employer offered the claimant other positions which she rejected due to her belief that they were not compatible with her condition.

One pivotal finding by the Board is the basis for the claimant's challenge. The Board found that the claimant did not advise her employer that her decision to quit was due to her visual disorder, but, rather that she explained her decision on the basis that her work was making her nervous. Relying on our de-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). Under this section, a claimant is disqualified from receiving benefits if he has quit his employment without "cause of a necessitous and compelling nature."

cision in *Coyle v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 170, 424 A.2d 588 (1981), the Board held the claimant disqualified due to her failure to notify her employer of the health problem which motivated her decision to quit. The claimant challenges the Board's finding on the ground that it is not supported by substantial evidence. We disagree.

Preliminarily we note the limited scope of our review in cases such as this. Where the losing party below had the burden of proof,[2] our obligation is to determine whether all the necessary findings of the Board are consistent with each other and with the conclusions of law, and whether they can be sustained absent a capricious disregard of competent evidence. *Johnson v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 409, 442 A.2d 853 (1982).

There is no question that there is competent evidence to support the Board's finding that the claimant did not advise the employer of her visual disorder. The employer's office manager testified that when the claimant notified him of her desire to quit, the only reason she cited was that the job made her nervous. The claimant's testimony, on the other hand, was equivocal on this issue. When asked by the referee whether she notified her employer of her eye stress problem, her response was, "Well, I don't know how I informed them. I don't recall how I informed them. . . . I talked to [the office manager]. We discussed it." Even were the claimant's testimony free of ambiguity, it is clear that the Board

---

[2] The burden of proof under 402(b)(1) is on the claimant. *Genetin v. Unemployment Compensation Board of Review,* 499 Pa. 125, 451 A.2d 1353 (1982); *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977).

was within its authority in choosing to believe the employer's version of what occurred. *Thomas v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 630, 410 A.2d 101 (1980).

The existence of a conclusive finding that the claimant did not advise her employer of her visual problem constrains us to hold that the claimant has failed to satisfy her burden of demonstrating a good faith effort to maintain the employment relationship. *See Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). In *Genetin*, the Pennsylvania Supreme Court held that, under the Law, an employee must meet two requirements in order to remain eligible for benefits when he terminates his employment for health reasons: (1) he must be available for suitable work, consistent with his medical condition; and (2) he must have "communicated his medical problem to his employer and explained his inability to perform the regularly assigned duties." *Id.*, 499 Pa. at 130-131, 451 A.2d at 1356. It is the second of these requirements which triggers the employer's duty to recommend alternative positions. *Id.* Even though the employer did, in this case, offer the claimant other jobs within the plant, the claimant's failure to fully and accurately describe her health problem limited the employer's ability to recommend suitable alternatives. *See Weisback v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 41, 453 A.2d 1091 (1983).

Accordingly, the decision and order of the Unemployment Compensation Board of Review is affirmed.

## Order

And Now, this 23rd day of March, 1984, the order of the Unemployment Compensation Board of Review at B-201065 is affirmed.