Madeleine Allen, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1985, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Judith L. Jones*, for petitioner.

*John W. English, Jr.*, Associate Counsel, with him, *Charles G. Hasson*, Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, December 10, 1985:

Claimant Madeleine Allen appeals from a decision of the Pennsylvania Unemployment Compensation Board of Review which, affirming the referee's decision, denied her benefits under section 402(b) of the Pennsylvania Unemployment Law[1] concluding that she voluntarily terminated her employment without cause of a necessitous and compelling nature.[2]

When the reason for voluntarily terminating employment is health related, the claimant must offer competent testimony that adequate health reasons existed at the time of the termination to justify the termination. Additionally, the claimant must have informed the employer of the health problem and have been available for work not inimical to the claimant's health. *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982). The claimant's failure to meet any one of these conditions will bar a claim for unemployment compensation. *Dornblum v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 547, 466 A.2d 747 (1983).

---

[1] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. 2897, *as amended*, 43 P.S. §802(b).

[2] To be eligible for unemployment compensation benefits, a claimant who voluntarily terminates employment has the burden of establishing that the reason for termination was of a necessitous and compelling nature. *Bruder v. Unemployment Compensation Board of Review*, 70 Pa. Commonwealth Ct. 9, 452 A.2d 288 (1982).

The claimant worked in the bakery department of various stores of Laneco (the employer) from February 1981 to November 26, 1983. The claimant was a bakery manager when she submitted a letter of resignation on November 19, 1983, immediately after her supervisor, the store manager, had confronted her with a written corrective review. That review attributed eleven problem areas to claimant and contained a warning of suspension if she did not correct the problems. The claimant expressed in her letter of resignation[3] that she was too angry and upset to rebut her supervisor's allegations.

The claimant testified that she had earlier informed her previous supervisor, in May or June of

---

[3] Letter from Madeleine Allen, Bakery Manager:

Dear Mr. Schullenberger or Russo,

Please except my one wks resignation as of the 26th Nov. 1983 being my last day of work.

I'm afraid I feel that I can no longer work under the conditions that you have repeatedly put me threw. I have on many ocassions to the best of my ability done everything that you have wanted me to do but apparently this is not enough.

I make one mistake after nearly 3 yrs. of faithful service to this co. call in sick to the wrong person and this being my first sick day I get written up for it. As for ppor work performance this my friend is one of the biggest jokes. If you had half your workers work like I do & this store would be one hell of a store. As for the garlic and pizza bread at least I do not throw away the product like many managers do why do you not realise that is the reasen why so much product in my freezer.

I could possibly go on and on but I won't at this point I am to upset & angry to continue but I can just say apparently you do not value a hard working person.

I gave you almost 3 yr of hard work & very little grief but this is not enough.

Thank you
Madeleine Allen

1983, that she was suffering from work related anxiety and depression and that she had requested a demotion at that time. The claimant further testified that her supervisor denied her request for a demotion and informed her that her only choice was to continue as a bakery manager or terminate her employment. The claimant's personnel file did not contain any record of her request for a demotion or management's subsequent refusal.

The claimant's supervisor at the time of termination testified that he was unaware of the claimant's health problem and did not become aware of it until the claimant's doctor sent a letter verifying her health problem to the Office of Employment Security.

The board determined that, although the claimant terminated her employment because of a health problem, she failed to notify her employer of her health problem before her termination. Consequently, the board determined that she was ineligible to receive benefits.

The issue before this court is to determine whether the board capriciously disregarded competent evidence in reaching its conclusion that the claimant failed to notify her employer of her health problem before she voluntarily terminated her employment.[4]

The claimant contends that her earlier notification of her health problem to a superior coupled with her overreaction to her supervisor's criticism evidenced by the language in her resignation letter amounted to constructive notice of her illness.

---

[4] Where, as here, the party with the burden of proof has not prevailed before the board, this court's scope of review is limited to determining whether findings of fact are consistent with each other and with the legal conclusions, and whether the board capriciously disregarded competent evidence. *Cardwell v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 210, 465 A.2d 145 (1983).

The parties presented conflicting testimony to the board as to whether the claimant notified her previous supervisor of her illness. Although the board did not issue a definitive finding on that specific incident, it ultimately concluded that the claimant failed to notify her employer of her illness before she voluntarily terminated her employment. Conflicts in testimony must be resolved by the factfinder, *Stewart v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 279, 402 A.2d 302 (1979). Because the employer offered substantial evidence to support the finding of lack of notice, that finding is conclusive upon appeal. *Martin v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 304, 387 A.2d 998 (1978).

Moreover, in view of the wording of the resignation, the board did not capriciously disregard evidence when it determined that "the notice of resignation did not put employer on notice that the resignation was due to health problems".[5]

This court cannot accept the claimant's further argument, based on a theory of constructive notice. A constructive notice concept cannot obviate the claimant's duty to inform the employer of a health problem before voluntarily terminating employment. Constructive notice would impute the knowledge of a claimant's illness to an employer if the employer could have discovered it through proper diligence, relieving the claimant from the duty of giving actual notice and imposing upon the employer a duty to diligently inquire about the claimant's health. However, this court has held that an employer's duty to recommend alternative positions not inimical to the claimant's health is not triggered until the claimant informs the employer of the health problem and the inability

---

[5] Unemployment Compensation Board of Review Finding of Fact No. 4.

to perform the regularly assigned duties. *Smith v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 131, 473 A.2d 235 (1984). If we were to impose upon the employer a duty to inquire about the claimant's health, the onerous result would be to require employers to trigger their own duties to recommend alternative employment positions.

Allowing constructive notice to satisfy the claimant's duty to inform confuses our established standards and allows for litigation on issues wholly unrelated to the crucial issue—whether the claimant had cause of a necessitous and compelling nature to voluntarily terminate the employment.

Although not insensitive to the nature of the claimant's health problems, we do not believe that our unemployment compensation standards should be altered to excuse an employee who is under a doctor's care for a mental health problem from the obligation of giving actual notice of that health problem to the employer before voluntarily terminating the employment.

Accordingly, we affirm the decision of the board.

ORDER

Now, December 10, 1985, the order of the Pennsylvania Unemployment Compensation Board of Review at No. B-228068, dated February 29, 1984, is affirmed.