525 A.2d 485

Charles Nicotero, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1987, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Lorraine S. Caplan,* for petitioner.

*Samuel H. Lewis,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, May 12, 1987:

Charles Nicotero (Claimant) petitions for our review of an Unemployment Compensation Board of Review (Board) order which affirmed an order of a referee denying benefits. We vacate and remand.

Claimant was employed at The Village Montessori School (Employer) from October 26, 1984 until January 9, 1985. He had been hired to teach a classroom of students in the fourth through eighth grade level. On January 8, 1985 Employer's president informed Claimant that Claimant was being moved to the infant/toddler room until it could be determined whether Claimant could receive a valid teaching certificate for elementary education. Employer's president was told by the Penn-

sylvania Department of Education that it would render a decision in the matter on January 11, 1985. On January 10, 1985, after Claimant attempted to talk to the president about the matter, he left the school without authorization.

On the evening of January 10, 1985, Claimant and the president had two heated telephone conversations. During one of them Claimant, according to the referee's finding of fact number 16, told the president that he "had left the school due to illness and that he could not work with very young children." A review of the evidence reveals that it is undisputed that during this conversation Claimant informed the president that he had a back condition and that Claimant discussed with the president exactly what he was required to do in the infant/toddler room that exacerbated his back condition.[1]

The next day, January 11, 1985, Claimant notified the school that he was still available for work as a teacher but that he would not be available to work as a "day care worker or a janitor."

On January 14, 1985, Claimant again spoke with the president. The president told Claimant at this time that Claimant would be unable to teach the fourth through eighth grade class unless he received an elementary certification from the State. Claimant never returned to work.

Many of the referee's 23 findings of fact which were adopted in their entirety by the Board are really nothing more than a summation of the evidence. In his "reasoning," the referee, with appropriate reference to *Genetin v. Unemployment Compensation Board of Review*, 499 Pa. 125, 451 A.2d 1353 (1982) and *Steffy v. Unemployment Compensation Board of Review*, 499 Pa.

---

[1] Notes of Testimony from March 8, 1985 and April 18, 1985 at 35.

367, 453 A.2d 591 (1982), proceeds on the basis that Claimant voluntarily resigned as previously determined by the Office of Employment Security, holds that the Claimant failed to meet his burden as set forth in *Genetin* and *Steffy* and concludes that Claimant terminated his employment without necessitous and compelling reasons for doing so.

The Claimant contends that he did not resign; that if we should hold that he did, he had necessitous and compelling reasons for doing so; and, that he was involuntarily terminated but was not guilty of willful misconduct such as would render him ineligible for unemployment compensation benefits.

Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether any necessary findings of fact made by the agency are not supported by substantial evidence. *Pacini v. Unemployment Compensation Board of Review*, 102 Pa. Commonwealth Ct. 355, 518 A.2d 606 (1986).

Although there is no specific finding that Claimant did voluntarily resign, the fair inference from the referee's reasoning, as adopted by the Board, is that such was the case. There is substantial evidence in the record to support that conclusion. We, therefore, will not address Claimant's contention that he was dismissed.

Regarding the Claimant's burden to show necessitous and compelling reasons for a voluntary quit, our Court recently summarized what was required in *Allen v. Unemployment Compensation Board of Review*, 93 Pa. Commonwealth Ct. 390, 501 A.2d 1169 (1985) as follows: (1) claimant must offer competent testimony that adequate health reasons existed at the time of termination to justify the termination, (2) the claimant must have informed the employer of the health problem

before the termination occurs and (3) the claimant must be available for work not inimical to the claimant's health. We further held that the claimant's failure to meet any one of those conditions would bar a claim for unemployment compensation.

In the instant case, the referee referred throughout his reasoning to an "injury" suffered by the Claimant while working in the infant/toddler room. The referee states that the Claimant never had an *injury* but simply used this as an excuse to avoid working in the infant/toddler room. In addition to testifying that he had injured his back, Claimant also testified that he had a pre-existing back *condition* that made it difficult or impossible for him to work in that area. He also offered medical testimony about his back condition that, if believed by the Board, would be competent evidence that such a condition in fact existed. On the other hand, the employer contends that Claimant's employment application makes no mention of the alleged congenital back condition.

Inasmuch as there is no specific finding as to whether or not Claimant suffered from a back condition which would justify him in refusing to continue to work in the infant/toddler room, we must remand to the Board for further fact finding on that issue.

In addition, there is no specific finding as to *when* Claimant resigned. As we said in *Allen,* it is claimant's burden to explain his physical problem to his employer *before* he resigns in order to provide the employer with the opportunity to make an accommodation which will enable the claimant to continue working. We have noted that the Claimant left the school in the morning of January 10 and did not discuss his physical problem with his employer until that evening. Claimant contends, however, that he made a good faith effort to communicate his problem to the president before leaving the school.

Here, again, it is necessary for the Board, as the fact finder, to determine whether Claimant explained his physical problem to the Employer *before* he resigned or that he made a good faith effort to do so.

For the foregoing reasons, the attached order will be entered.

ORDER

The order of the Unemployment Compensation Board of Review which affirmed a referee's order denying benefits to Charles Nicotero is vacated and remanded for proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.