Merle Boogay, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1979, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Samuel Rappaport,* with him *Jerome E. Furman* and *Rappaport & Furman,* for petitioner.

*Daniel Schuckers,* Assistant Attorney General, with him *Bernadette A. Duncan,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, September 17, 1979:

Merle Boogay (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board), which held that she had voluntarily terminated her employment without cause of a necessitous and compelling nature and that Section 402(b)(1) of the Unemployment Compensation Law,[1] 43 P.S. §802 (b)(1) required the Board to affirm a referee's decision denying benefits.

The claimant was employed as a bowling instructor and clerk at a bowling alley which was frequented by members of juvenile gangs, and she was responsible for dealing with complaints arising from the presence of the gang members who were alleged to be intimidating and harassing patrons. As a result of her necessarily frequent requests that the gang members leave the premises, she incurred both their anger and many threats of physical abuse. Because of threats, such as they would be waiting for her after work, she sought the security of a male escort to her parked car and had a member of her family meet her at her front door upon her return home. She testified that she was under a doctor's care for hypertension, diabetes, and hypothyroidism, and that her condition was aggravated by her stressful job situation to the point that she finally decided it was necessary for her to quit.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

The Board found that the claimant had terminated her job "because she feared for her personal safety and health," but it concluded that she did not meet her burden of establishing cause of a necessitous and compelling nature because she was never actually assaulted and thus had not shown a "clear and imminent threat to her safety and health."

We cannot agree that a person in the claimant's position must work until he or she is actually assaulted or collapses under the strain of fearing such assault. Our courts have already held that cause of a necessitous and compelling nature can be established by showing aggravation of a nervous condition. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977); *Kernisky v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 199, 309 A.2d 181 (1973); *McComb Unemployment Compensation Case,* 179 Pa. Superior Ct. 424, 116 A.2d 92 (1955). And, in the present case, the Board does not dispute that the claimant was under much stress as a result of her confrontations with the gang members and that this stress aggravated her existing medical and nervous problems. Indeed, the record before us contains a certificate from the claimant's physician which indicates that termination of her job at the bowling alley was medically necessary. While it appears that she was not specifically advised by her physician to quit prior to leaving her job, we think that this case is controlled by our Supreme Court's opinion in *Deiss, supra,* where it concluded:

> If a claimant realizes that either physically or emotionally he is unable to continue working and he offers competent testimony that at *time of termination,* adequate health reasons existed to justify termination, we can perceive no reason to require claimant to prove that he was advised to quit his job. (Emphasis in original.)

475 Pa. at 555-56, 381 A.2d at 136.

We believe that the Board erred in concluding that the claimant here had not met the burden of showing cause of a necessitous and compelling nature for terminating her employment.

The order of the Board must therefore be reversed.

### Order

And Now, this 17th day of September, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed, and the case is remanded for computation of benefits.