Delaware County Prison, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Michael T. Ehling*, Assistant County Solicitor, for petitioner.

*John Kupchinsky*, Associate Counsel, with him *James K. Bradley*, Associate Counsel, and *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, February 11, 1983:

The Delaware County Prison (employer) appeals an order of the Unemployment Compensation Board (Board) which awarded Karen L. Booker (claimant) benefits because she had voluntarily terminated her employment for cause of a necessitous and compelling reason under Section 402(b) of the Unemployment Compensation Law (Law).[1]

The facts, as found by the Board, indicate that the claimant was employed as a correctional officer and

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

had voluntarily left her employment because of hazardous working conditions caused by the lack of an adequate number of qualified prison personnel. Specifically, it was determined by the Board that the claimant had been left alone on several occasions to oversee a large number of inmates — some not in cells — and that such a duty normally required two or three correctional officers. Additionally, although forced overtime for all personnel seems to have been the employer's policy, she was required to work considerably more hours than her fellow employees. The claimant discussed these problems with her employer, and was promised relief which never materialized. The Board further determined that the claimant nevertheless attempted to perform her duties under the aforementioned conditions before she quit and that she had been willing to remain employed if the conditions had been corrected as promised.

An employee who voluntarily terminates his or her employment bears the burden of establishing that such action was for cause of a necessitous and compelling reason under Section 402(b) of the Law. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). And where, as here, the party with the burden of proof has prevailed below, our scope of review in such unemployment compensation cases is limited to a determination of whether or not the Board committed an error of law or any necessary factual finding was unsupported by substantial evidence in the record, leaving determinations of credibility and evidentiary weight to the Board. *Krieger v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 103, 415 A.2d 160 (1980).

The employer argues first that the claimant failed to sustain her burden before the Board. After carefully reviewing the record in this matter, however, we

believe that substantial evidence exists in the record to support the Board's findings. The mere fact that there may have been evidence presented to the contrary does not defeat this conclusion, for the Board, as we have stated, determines credibility and evidentiary weight. The employer concedes in its brief that the position of correctional officer is by nature inherently dangerous. Given this, and accepting, as we must, the Board's findings that the claimant's inherently dangerous job was further aggravated by inadequate staffing and an amount of overtime considerably greater than that of her fellow employees, we believe that the Board did not err in concluding that she had established cause of a necessitous and compelling nature under Section 402(b) of the Law, for voluntarily terminating her employment. *Taylor* (circumstances which produce pressure must be real and substantial to compel a reasonable person to act similarly); *Boogay v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 51, 405 A.2d 1112 (1979) (person in physical peril need not wait until actually assaulted).

The employer argues next that the Board abused its discretion in refusing to remand the matter for the taking of additional testimony or, in the alternative, to hear additional testimony itself. Specifically, the employer alleges that a remand or the taking of additional testimony by the Board should have occurred because it did not receive sufficient notice of the claims that would be made by the claimant at the hearing and could not have been expected, therefore, to bring numerous witnesses to the hearing in anticipation of countering every claim that she might conceivably make. We have, of course, previously recognized that it is not an abuse of discretion for the Board to refuse to grant an additional hearing to a party where there was no showing that any evidence

will be presented which was not available,[2] with due diligence, at the time the matter was initially before the referee. *Pastorius v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 50, 411 A.2d 1301 (1980). And, in the case at hand, the "Notice of Hearing on Original Appeal" received by the employer stated as follows:

> LIST OF ISSUES ARISING IN APPEALS PROCEEDINGS BEFORE THE PENNSYLVANIA UNEMPLOYMENT COMPENSATION BOARD OF REVIEW
>
> *All* parties should be aware that in *all* cases involving the claimant's separation from employment, Section 402(b) ... may be at issue. (Emphasis in original.)

We believe, therefore, that this notice (explicitly referring to Section 402(b)) gave the employer sufficient notice of the issues which might arise at the hearing on the claimant's voluntary termination.

We will, therefore, affirm the order of the Board.

ORDER

AND, Now, this 11th day of February, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

[2] The claimant's summary of interview dated October 22, 1982, stated that she resigned because: "Hours too tedious, hazardous working conditions."