Brenda Bacon, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 29, 1984, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Judith Wilson,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Barry, April 29, 1985:

This appeal results from an order of the Unemployment Compensation Board of Review (Board) which reversed a decision of the referee granting benefits to claimant Brenda Bacon.

Claimant was last employed by the Molded Fiber Glass Company until she quit her job on August 13, 1982. Claimant's husband, an alcoholic, used to beat her when he was intoxicated. For approximately two and one half years prior to July of 1982, her husband had quit drinking and no violent acts had occurred during this thirty-month period. In July of 1982, however, her husband began drinking again.

Although he did not beat her in July and August of 1982, claimant was in fear of both her physical safety and that of her two children. Claimant had no other family in Pennsylvania. As a result, she quit her job and took the children to live with their father (claimant's former husband) in another state. When claimant's husband quit drinking and began taking antibuse[1], claimant returned without her children to live with her husband.

Claimant's application for benefits was denied by the Office of Employment Security. Claimant appealed to the referee who found that claimant had cause of a necessitous and compelling nature justifying her voluntary termination, thereby rendering claimant eligible for benefits under Section 402(b) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b) (Supp. 1965-83). The Board reversed and this appeal followed.

The burden of establishing cause of a necessitous and compelling nature justifying a voluntary termination is on the claimant. *Steffy v. Unemployment Compensation Board of Review,* 499 Pa. 367, 453 A.2d 591 (1982). Where the party with the burden of proof has not prevailed below, our review is limited to determining whether the factual findings are consistent, whether those findings can be sustained without capricious disregard of competent evidence and whether any errors of law have been committed. *Bruder v. Unemployment Compensation Board of Review,* 70 Pa. Commonwealth Ct. 9, 452 A.2d 288 (1982). In *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 359, 378 A.2d 829, 832-33 (1977), the court

---

[1] If a person is taking antibuse and then ingests alcohol, the person will become severely ill.

defined as necessitous and compelling those "circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." As Judge RENO explained in *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 557, 45 A.2d 898, 903 (1946), "The pressure of necessity, of legal duty, or family obligations, or other overpowering circumstances and his capitulation to them transform what is ostensibly voluntary unemployment into involuntary unemployment."

Claimant contends that the Board committed an error of law in concluding that the factual findings did not support the legal conclusion that she had cause of a necessitous and compelling nature allowing her to voluntarily terminate her employment and yet remain eligible for benefits.[2]

In its decision, the Board stated:

The claimant quit her job because she thought that her husband would beat her. He becomes violent when he drinks. However, both the claimant and her husband testified that the last incident of violence occurred more than $2\frac{1}{2}$ years prior to August 1982. Even though he was drinking in July and August of 1982, neither the claimant or (sic) her husband testified that he had became (sic) violent during the summer of 1982. The claimant failed to avail herself of any legal remedies as a result of her fears.

---

[2] Although the Board altered somewhat the referee's findings of fact, the Board did specifically find, in accordance with the referee that "claimant was in fear of her life and that of her two children because of her spouse's past conduct from drinking alcohol." (Finding of Fact No. 9, Board's Decision, April 7, 1983.)

Furthermore, she could have asked her employer for a leave of absence. Thus, the claimant is ineligible for benefits as defined by Section 402(b) of the Law.

Suffice it to say that no acts of violence occurred in the two and one-half years prior to August of 1982 because claimant's spouse had abstained from drinking for all but six weeks of that period. Furthermore, the Board would seem to require claimant to undergo a beating before allowing her to leave and yet remain eligible for benefits. In a similar context, we have held that fear of violence by non-striking workers justified a refusal to cross a picket line.

The Board argues that we must require proof of actual violence at the place of employment in cases such as this, or else we leave open the possibility of collaboration between strikers and nonstrikers, and thus make the Board's task and our own task in deciding such cases more difficult. In effect, the Board would require that claimants, in a case such as this, offer themselves or send forth a representative (a sort of sacrificial lamb) to test the authenticity of the threats and show of force by the pickets. Such a requirement might make these cases easier to decide, but we do not believe it is proper to subject unemployment compensation claimants to burdensome and dangerous requirements in order to make cases easier to decide.

*Unemployment Compensation Board of Review v. Tickle,* 19 Pa. Commonwealth Ct. 550, 562-63, 339 A.2d 864, 870-71 (1975).

In its brief, the Board argues that the cause of a necessitous and compelling nature under Section 402 (b) must be directly related to the job. We have held

in a number of instances, however, that a spouse who terminates his or her employment to relocate with his or her spouse is eligible for benefits under Section 402(b). *Stevens v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 239, 473 A.2d 254 (1984); *Steck v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 514, 467 A.2d 1378 (1983). The Board's rationalization in this regard is simply incorrect.

The Board finally argues it was incumbent upon claimant to establish she had no alternatives but to quit her job and move out of town. Specifically, the Board alleges that claimant could have sought a protection from abuse order or could have moved into another home in the area thereby allowing her to retain her job. The Board would place the impossible burden of proving a negative on claimant. Nevertheless, in cases such as these, we do not believe the Act is intended to provide benefits to one who quits his or her job when other reasonable alternatives existed which would allow the claimant to attempt to rectify the problems while still maintaining employment. Unfortunately there are no factual findings on the reasonableness of claimant's choice concerning her emotional state at the time and the personal problems with which she had to cope. A remand on this question is therefore required.

ORDER

Now, April 29, 1985, the April 7, 1983 order of the Unemployment Compensation Board of Review at No. B-216832 is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge WILLIAMS, JR., did not participate in the decision in this case.