161 Pa. Commonwealth Ct. 464 (1994)
637 A.2d 695
LEE HOSPITAL, Petitioner,
v.
UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.
Commonwealth Court of Pennsylvania.
Submitted September 24, 1993.
Decided January 18, 1994.
*467 Michael W. Sahlaney, for petitioner.
Lisa Jo Fanelli, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.
Before CRAIG, President Judge, and KELLEY, J., and DELLA PORTA, Senior Judge.
DELLA PORTA, Senior Judge.
Lee Hospital (Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) which reversed a decision of a referee and granted unemployment compensation benefits to Angela A. Daley (Claimant).
Claimant had been employed by Employer as a licensed practical nurse since October 25, 1982. On June 1, 1992 Claimant submitted the following resignation letter to Employer:
I am writing this letter effective today 6-1-92 that I will be resigning. I am moving out of state and I need to transfer my license to accept another job. It has been an honor and pleasure to work at Lee Hospital and I hope I may use Lee Hospital for any future reference.
Employer accepted Claimant's resignation effective June 14, 1992.
On or about September 29, 1992, Claimant filed an interstate claim for unemployment compensation benefits. Her claim was denied by the Interstate Claims Office on the basis that she voluntarily quit for personal reasons. Claimant appealed this determination and a hearing was held by telephone before a referee. On December 22, 1992 the referee issued a decision finding that Claimant had failed to prove that her voluntary termination of employment was for cause of a necessitous and compelling nature. Claimant was therefore *468 ineligible for benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1]
Claimant appealed to the Board which reversed the decision of the referee and awarded Claimant benefits. The Board made the following pertinent findings of fact:
2. Claimant had been going through divorce proceedings for approximately a year during which time claimant had been subjected to harassment by her husband.
3. Claimant was under severe stress for which she was on medication. Claimant had also been hospitalized for a brief period of time.
4. Claimant decided to remove herself from the situation.
On appeal to this Court, Employer argues that the Board's determination that Claimant terminated her employment for causes of a necessitous and compelling nature is not supported by substantial evidence and is based on errors of law. Our scope of review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or finding of essential facts not supported by substantial evidence. Kirkwood v. Unemployment Compensation Board of Review, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).
A claimant who becomes unemployed by a voluntary termination of her position bears the burden of proving that the termination was for cause of a necessitous and compelling nature. Quinn, Gent, Buseck & Leemhuis, Inc. v. Unemployment Compensation Board of Review, 147 Pa.Commonwealth Ct. 141, 606 A.2d 1300 (1992). Cause of a necessitous and compelling nature is construed as cause which results from overpowering circumstances which produce both real and substantial pressure to terminate employment and which would compel a reasonable person to act in the same manner. Uniontown Newspapers, Inc. v. Unemployment Compensation *469 Board of Review, 126 Pa.Commonwealth Ct. 102, 558 A.2d 627 (1989). Whether an employee had cause of a necessitous and compelling nature is a legal conclusion drawn from review of the underlying findings of fact and is subject to appellate review. Taylor v. Unemployment Compensation Board of Review, 474 Pa. 351, 378 A.2d 829 (1977).
The Board's conclusion that "Claimant's harassment by her husband during divorce proceedings, and which affected her health, gave her necessitous and compelling reason to quit," intertwines two causes on which a claimant who voluntarily terminates her employment, may base her entitlement to unemployment compensation benefits  domestic problems and health difficulties.
We shall first consider whether harassment by Claimant's husband gave her necessitous and compelling reason to quit. Cause of a necessitous and compelling nature may arise from domestic circumstances and need not be connected with or arise out of the claimant's employment. Green v. Unemployment Compensation Board of Review, 108 Pa.Commonwealth Ct. 216, 529 A.2d 597 (1987).
The Board determined that Claimant's domestic situation and the stress resulting therefrom constituted necessitous and compelling cause for her voluntary termination. In support of this position, the Board cites Bacon v. Unemployment Compensation Board of Review, 89 Pa.Commonwealth Ct. 35, 491 A.2d 944 (1985). In Bacon, the claimant was married to an alcoholic who used to beat her when he was intoxicated. For approximately two and one half years prior to July of 1982, her husband had quit drinking and no violent acts had occurred during this period. In July of 1982, the claimant's husband began drinking again. Although he did not beat her in July and August of 1982, the claimant was in fear of both her physical safety and that of her two children. Because the claimant had no other family in Pennsylvania, she moved with her children to live with her father in another state.
On appeal, this Court in Bacon stated, "we do not believe the [Law] is intended to provide benefits to one who quits his *470 or her job when other reasonable alternatives existed which would allow the claimant to rectify the problems while still maintaining employment." Id. at 40, 491 A.2d at 946. Because there were no factual findings on the reasonableness of the claimant's choice, the Court concluded that a remand was required.
The Board, in the case sub judice made no finding as to the reasonableness of Claimant's termination of her employment. The Board found only that "Claimant decided to remove herself from the situation." However, as we shall explain, a remand is not necessary.
In Moore v. Unemployment Compensation Board of Review, 103 Pa.Commonwealth Ct. 154, 520 A.2d 80 (1987), this Court declined to order a remand where the claimant's testimony lacked specificity. In Moore, the claimant took a leave of absence from her position in order to seek guardianship of her two nieces and to set up a home for them. The claimant remained off work for six months during which period her employer repeatedly requested evidence justifying her continuing need to be out of work. The claimant eventually resigned in order to avoid being discharged. Although the referee made no finding on whether the claimant's nieces required her presence at home, this Court declined to remand for that finding. The Court stated that there was no medical or other testimony that the children, for psychological reasons, needed to remain with their aunt or were in need of the claimant's constant attention. The record contained only the claimant's general statements that she believed that the children's well-being necessitated her constant presence.
At the hearing before the referee in the instant case, Claimant's testimony as to her domestic problems is as follows:
A. I had a very, very stressful year, I'm still going through ex-marital problems . . .
Q. You mean you and your husband aren't living together now?

*471 A. Oh my, no, no, no, no, no, we had been separated for over a year. We're divorced, but I'm still having problems, and I just needed to get away.
N.T., pp. 4-5. Claimant's testimony concerning her domestic difficulties does not establish cause of a necessitous and compelling nature for her voluntary termination. Her testimony consists of statements that she was harassed by her exhusband, without providing any details as to the nature of the harassment or frequency with which it occurred. Her testimony lacks the specificity required by the Court in Moore. Thus, a remand, as was ordered in Bacon, would not be required.
The Board cites Boogay v. Unemployment Compensation Board of Review, 46 Pa.Commonwealth Ct. 51, 405 A.2d 1112 (1979), for the proposition that a claimant need not work until she is actually assaulted or collapse under the strain of fearing such assault. On the other hand, in the case before us, Claimant testified that she had been going through "ex-marital problems" and that she had been harassed by her husband. Unlike the claimant in Boogay, Claimant did not testify that she feared or had been threatened with physical assault; and therefore, Boogay does not control.
We next consider whether Claimant has established that she voluntarily terminated her employment due to her health. It is well established that medical problems can create necessitous and compelling cause to leave employment. Deiss v. Unemployment Compensation Board of Review, 475 Pa. 547, 381 A.2d 132 (1977). To establish health problems as a compelling reason to quit, the claimant must (1) offer competent testimony that adequate health reasons existed to justify the voluntary termination, (2) have informed the employer of the health problems and (3) be available to work if reasonable accommodations can be made. Genetin v. Unemployment Compensation Board of Review, 499 Pa. 125, 451 A.2d 1353 (1982). Failure to meet any one of these conditions bars a claim for unemployment compensation. Ruckstuhl v. Unemployment Compensation Board of Review, 57 Pa.Commonwealth Ct. 302, 426 A.2d 719 (1981).
*472 A claimant may establish compelling medical reasons for terminating her employment by any competent evidence. Steffy v. Unemployment Compensation Board of Review, 499 Pa. 367, 453 A.2d 591 (1982). This evidence may consist of the claimant's own testimony and/or documentary evidence. Central Data Center v. Unemployment Compensation Board of Review, 73 Pa.Commonwealth Ct. 465, 458 A.2d 335 (1983). Claimant herein testified that she had a very stressful year and was hospitalized and was on medication. This Court has held that emotional and psychological stress constitute adequate health reasons for termination of one's employment. Beattie v. Unemployment Compensation Board of Review, 92 Pa.Commonwealth Ct. 324, 500 A.2d 496 (1985).
Assuming in our case that Claimant has provided sufficient evidence to demonstrate compelling medical reasons for terminating her employment, her claim would still fail. A claimant who desires to quit a job for health reasons must communicate her health problems to her employer so that the employer can attempt to accommodate the problem. Black-well v. Unemployment Compensation Board of Review, 124 Pa.Commonwealth Ct. 9, 555 A.2d 279 (1989). At the hearing, Claimant was asked about notice to Employer:
Q. Whenever you notified the employer, were they aware of these personal reasons?
A. Several people knew what I was going through.
Q. All right, did you ever notify the employer you had a health problem, at all?
A. Well, I thought it was quite obvious. I was hospitalized and on medication, which I haven't needed to take since I've been away from all that. I've been doing rather well out here.
N.T., p. 6.
In Allen v. Unemployment Compensation Board of Review, 93 Pa.Commonwealth Ct. 390, 501 A.2d 1169 (1985), this Court rejected the claimant's theory that the employer had constructive notice of her health problems. The Court stated:

*473 This court cannot accept the claimant's further argument, based on a theory of constructive notice. A constructive notice concept cannot obviate the claimant's duty to inform the employer of a health problem before voluntarily terminating employment. Constructive notice would impute the knowledge of a claimant's illness to an employer if the employer could have discovered it through proper diligence, relieving the claimant from the duty of giving actual notice and imposing upon the employer a duty to diligently inquire about the claimant's health . . . .
Allowing constructive notice to satisfy the claimant's duty to inform confuses our established standards and allows for litigation on issues wholly unrelated to the crucial issue  whether the claimant had cause to voluntarily terminate the employment.
Id. at 394-95, 501 A.2d at 1171.
Thus, in our case we must reject Claimant's assertion, that Employer should have known of her health problems. Claimant's testimony is insufficient as a matter of law to provide notice to Employer.
Because Claimant could not establish necessitous and compelling reasons for voluntarily terminating her employment due either to domestic problems or to health problems, we must reverse the order of the Board.

ORDER
AND NOW, this 18th day of January, 1994, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.
NOTES
[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(b). Section 402(b) provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."