IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara A. Leickel,                              :
                              Petitioner         :
                                                 :
          v.                                     :     No. 1327 C.D. 2019
                                                 :     Submitted: March 13, 2020
Unemployment Compensation                        :
Board of Review,                                 :
                              Respondent         :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                              FILED: May 14, 2020

          Barbara A. Leickel (Claimant), *pro se*, petitions for review of an

adjudication of the Unemployment Compensation Board of Review (Board) denying

her application for unemployment compensation benefits.  In doing so, the Board

affirmed the Referee's determination that Claimant was ineligible for benefits under

Section 402(b) of the Unemployment Compensation Law (Law)[1] because she

voluntarily terminated her employment without cause of a necessitous and

compelling nature.  Finding no error by the Board, we affirm.

          On May 25, 2016, Claimant began employment as a greeter with Wal-

Mart Associates, Inc. (Employer).  In February 2019, Employer informed Claimant

that it was eliminating her position as of April 25, 2019, and offered her work as a

cashier.  Claimant declined the offer, and her last day of work was April 25, 2019.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).  It
provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week …
[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous
and compelling nature[.]"  43 P.S. §802(b).

Claimant applied for unemployment compensation benefits. The UC Service Center concluded that Claimant was ineligible for benefits under Section 402(b) of the Law because she had voluntarily quit her job with Employer without cause of a necessitous and compelling nature. Claimant appealed, and a hearing was held before a Referee. Employer did not participate in the hearing; Claimant testified on her own behalf.

Claimant testified that she worked part-time as a greeter at Employer. In this position she used a rollator, which is a wheeled walker equipped with a seat and hand-operated brakes. Notes of Testimony, 6/25/2019, at 3 (N.T. __); Certified Record (C.R.), Item No. 8 at 3. Claimant stated that in February 2019, Employer told her that it was eliminating the greeter position and creating a new "customer host" position. *Id.* Claimant testified that Employer informed her that she could not do the job of customer host using a rollator. Accordingly, it offered her a position as a cashier, which Claimant declined.

Claimant explained that she turned down the cashier position because of her medical issues. She has to be able to "walk around" because standing still causes her legs to "go numb." N.T. 4; C.R., Item No. 8 at 4. In addition, she has "a frozen shoulder," which limits her range of motion and makes it difficult to "move stuff[.]" N.T. 4; C.R., Item No. 8 at 4. Claimant acknowledged that she did not tell Employer about these medical issues or explain why she turned down the cashier position.

The Referee determined that Claimant was ineligible for benefits under Section 402(b) of the Law because she voluntarily left work without cause of a necessitous and compelling nature. The Referee reasoned that Claimant should have

2

explained her medical issues to Employer. The Board affirmed the Referee's decision.

On appeal,[2] Claimant argues that the Board erred because her medical issues precluded her from doing the job of a cashier. The Board responds that Claimant, by not telling Employer about her medical issues, failed to take all reasonable and necessary steps to preserve her employment. Thus, Claimant did not prove she had a necessitous and compelling reason to quit available employment.

A claimant who becomes unemployed by voluntarily terminating her employment bears the burden of proving necessitous and compelling reasons for leaving her job. *Spadaro v. Unemployment Compensation Board of Review*, 850 A.2d 855, 860 (Pa. Cmwlth. 2004). "Cause of a necessitous and compelling nature is construed as cause which results from overpowering circumstances which produce both real and substantial pressure to terminate employment and which would compel a reasonable person to act in the same manner." *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695, 697 (Pa. Cmwlth. 1994). To meet her burden, a claimant must also show she acted with common sense and took reasonable steps to maintain her employment. *PECO Energy Company v. Unemployment Compensation Board of Review*, 682 A.2d 58, 61 (Pa. Cmwlth. 1996). "Where an employee has failed to take all necessary and reasonable steps to preserve the employment relationship, he or she has failed to meet the burden of demonstrating necessitous and compelling cause." *Id.*

---

[2] This Court's review determines whether constitutional rights were violated, whether an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review*, 558 A.2d 627, 628 (Pa. Cmwlth. 1989).

A medical condition can create necessitous and compelling cause to leave employment. *Lee*, 637 A.2d at 698. To establish a health problem as a compelling reason to quit, the claimant must: (1) offer testimony that she suffered from a medical condition that prevented her from performing her regular duties;[3] (2) have informed the employer of her health problems; and (3) be available to work with reasonable accommodation. *Id.* "Failure to meet any one of these conditions bars a claim for unemployment compensation." *Id.* (citing *Ruckstuhl v. Unemployment Compensation Board of Review,* 426 A.2d 719, 721 (Pa. Cmwlth. 1981)).

Claimant testified that her medical issues rendered her unable to stand still for a prolonged period and left her with a limited range of motion in her shoulder. These medical issues may constitute a necessitous and compelling reason to terminate employment. However, under *Lee*, "[a] claimant who desires to quit a job for health reasons must communicate her health problems to her employer so that the employer can attempt to accommodate the problem." 637 A.2d at 699 (citing *Blackwell v. Unemployment Compensation Board of Review*, 555 A.2d 279 (Pa. Cmwlth. 1989)).

At the hearing, the Referee inquired into Claimant's communications with Employer:

> [Referee:] When they offered you the cashier, did you tell them you couldn't do it because you had the rollator?
>
> [Claimant:] Well I just said no to the cashier.
>
> * * *

---

[3] A claimant need not present expert testimony to meet her burden. She may rely upon her own testimony and documentation. *Steffy v. Unemployment Compensation Board of Review*, 453 A.2d 591, 594 (Pa. 1982).

4

[Referee:] But they wanted you to be a cashier, and you didn't tell – I'm just trying to clarify, you didn't tell them I can't do the job because I have the rollator, is that correct? You just said, no, I don't want to do the job?

[Claimant:] Right, that's what I said …

* * *

[Claimant:] I just didn't want to go out of sick care. The reason other than the rollator and my legs, and I have a frozen shoulder…. But my fault, I never went into it.

N.T. 4; C.R., Item No. 8 at 4. Claimant conceded that she should have "handed in [her] medical stuff" and explained her reason for rejecting the cashier position. N.T. 5; C.R., Item No. 8 at 5.

Because Claimant failed to inform Employer of the medical issues that precluded her from doing the job of a cashier, she did not establish a necessitous and compelling reason for voluntarily terminating her employment. For these reasons, Claimant is ineligible for unemployment compensation benefits under Section 402(b) of the Law, 43 P.S. §802(b).

Accordingly, we affirm the decision of the Board.

MARY HANNAH LEAVITT, President Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara A. Leickel,                        :
                Petitioner      :
                                    :
            v.                              :      No. 1327 C.D. 2019
                                      :
Unemployment Compensation            :
Board of Review,                           :
                Respondent      :

# **O R D E R**

AND NOW, this 14th day of May, 2020, the adjudication of the Unemployment Compensation Board of Review, dated August 20, 2019, is AFFIRMED.

                                              _____
                                              MARY HANNAH LEAVITT, President Judge