Franklin Clark,                    :
                  Petitioner       :
                                   :
          v.                       :    No.   853 C.D. 2023
                                   :    Submitted: July 5, 2024
Unemployment Compensation          :
Board of Review,                   :
                  Respondent       :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE LEAVITT                FILED:  September 3, 2024


          Franklin Clark (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) holding Claimant ineligible for Pandemic Unemployment Assistance (PUA) benefits.[1]  In doing so, the Board affirmed the decision of the Referee that, *inter alia*, Claimant did not provide documentation of his eligibility for PUA benefits in a timely manner. On appeal, Claimant argues that the Board erred because he provided documentation to verify his identity, and, further, he did not receive notice of the Referee hearing. We affirm.

---

[1] PUA "provides up to 79 weeks of benefits to qualifying individuals who are otherwise able to work and available for work within the meaning of applicable state law, except that they are unemployed, partially unemployed, or unable or unavailable to work due to COVID-19-related reasons[.]"   PENNSYLVANIA'S PANDEMIC UNEMPLOYMENT ASSISTANCE PORTAL, https://pua.benefits.uc.pa.gov/vosnet/Default.aspx (last visited August 30, 2024).

Claimant worked until December 5, 2019, when, due to the COVID-19 Pandemic, he was laid off due to lack of work.[2] Certified Record at 4 (C.R. __). On February 12, 2021, Claimant filed an application for PUA benefits. On June 21, 2021, the UC Service Center notified Claimant that he must provide proof of employment or self-employment between the start of the tax year, *i.e.*, 2020, and the date of his application for PUA benefits. C.R. 6. Claimant had 21 days, or until July 12, 2021, to submit the documents. *Id.* He did not do so.[3] On August 24, 2022, the UC Service Center denied Claimant's application for PUA benefits for the stated reason that Claimant did not provide documentation to substantiate either employment or self-employment. C.R. 6, 18-27.

Claimant appealed the UC Service Center's determination, and the matter proceeded to a telephone hearing before a Referee on December 1, 2022. Claimant did not participate in the hearing.[4]

After the hearing, the Referee made the following findings of fact:

(1)    For purposes of this appeal, the claimant filed an application for Pandemic Unemployment Assistance (PUA) benefits with an effective date of February 7, 2021.

(2)    The claimant failed to provide documentation to substantiate either employment or self-employment prior to his application for PUA benefits.

---

[2] In the claim application, Claimant indicated that his layoff was due to COVID-19; however, it was not until March 19, 2020, that the Governor issued an Executive Order temporarily closing all businesses deemed to be non-life sustaining due to COVID-19. *See Friends of Danny DeVito v. Wolf*, 277 A.3d 872, 878-79 (Pa. 2020).

[3] More than a year later, on August 1, 2022, Claimant submitted a copy of his driver's license, social security card, birth certificate, a utility bill, and the deed to his house to the UC Service Center. C.R. 61-70.

[4] Claimant was notified of the date, time, and place of the unemployment compensation hearing, but Claimant did not appear. Referee Decision, 12/1/2022, at 3; C.R. 74.

(3)    A determination was issued by the UC Service Center on August 24, 2022, regarding the facts listed above.

(4)    The claimant appealed this determination.

(5)    On December 1, 2022, a UC Appeals Referee hearing was held, at which time the claimant neither participated nor disputed the facts listed above.

Referee Decision, 12/1/2022, at 2; C.R. 73.

Based upon these findings, the Referee concluded that Claimant was ineligible for PUA benefits pursuant to Section 2102(a)(3) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020, 15 U.S.C. §9021(a)(3). The Referee found that Claimant "was not realistically attached to the Pennsylvania labor market at the time he applied for PUA benefits." Referee Decision, 12/1/2022, at 3-4; C.R. 74-75.

Claimant appealed the Referee's decision to the Board. The appeal stated that Claimant was told to provide "verification of identity;" he was not told to provide "proof of employment." C.R. 93. Regardless, he attempted to find a job, but was unable to do so.

The Board affirmed the Referee, adopting the Referee's findings of fact and conclusions of law. It made an additional finding of fact: "[C]laimant was mailed a letter requesting documentation to verify his employment, or self-employment which occurred anytime between the start of the 2020 tax year and [C]laimant's date of application for benefits, with a response deadline of July 12, 2021." Board Adjudication, 5/31/2023, at 1; C.R. 102. Claimant did not respond to the letter. Additionally, Claimant failed to appear at the Referee hearing to present

3

testimony or evidence.[5]  For these reasons, the Board concluded that Claimant was ineligible for PUA benefits.

Claimant petitioned for this Court's review.

On appeal,[6] Claimant argues that the Board erred in holding that he was ineligible for PUA benefits.

By way of background, on March 27, 2020, Congress enacted the CARES Act[7] to provide financial assistance to individuals affected by the COVID-19 Pandemic.  The CARES Act created a new temporary federal program called PUA that in general provides benefits to those individuals not eligible for regular unemployment compensation benefits, including individuals who are self-employed. *See* U.S. DEPARTMENT OF LABOR, Unemployment Insurance Program Letter No. 16-20 (April 5, 2020), available at: https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2020/UIPL_16-20.pdf (last visited August 30, 2024).  Under the PUA program, qualifying individuals are eligible for UC benefits provided they are otherwise able and available for work but are unable or unavailable for work due to specified COVID-19 related reasons, including the individual's place of employment closed as a direct result of the COVID-19 public health emergency. *Id*.

To be eligible for PUA benefits, a claimant must be a "covered individual," as that term is defined in Section 2102(a)(3) of the CARES Act, 15 U.S.C. §9021(a)(3).  "[C]overed individual" is defined, in relevant part, as follows:

---

[5] The Board stated that it could not consider the additional evidence Claimant submitted as part of his appeal because it was not properly entered into the record.

[6] This Court's review in an unemployment compensation case determines whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695, 697 (Pa. Cmwlth. 1994).

[7] 15 U.S.C. §§9001-9141.

The term "covered individual"--

> **(A)** means an individual who--
>
> . . . .
>
> **(iii)** *provides documentation to substantiate employment or self-employment or the planned commencement of employment or self-employment not later than 21 days after the later of the date on which the individual submits an application for pandemic unemployment assistance under this section* or the date on which an individual is directed by the State Agency to submit such documentation in accordance with section 625.6(e) of title 20, Code of Federal Regulations, or any successor thereto, except that such deadline may be extended if the individual has shown good cause under applicable State law for failing to submit such documentation[.]

15 U.S.C. §9021(a)(3)(A)(iii) (emphasis added).

The CARES Act was amended to require applicants to provide documentation to substantiate their employment or self-employment. *See* Section 241 of the Continued Assistance to Unemployed Workers Act of 2020, Pub. L. No. 116-260, 134 Stat. 1182. The amendment applies to applications for PUA benefits submitted after December 27, 2020. *See* U.S. DEPARTMENT OF LABOR, Unemployment Insurance Program Letter No. 16-20 (January 8, 2021), available at: https://www.dol.gov/sites/dolgov/files/ETA/advisories/UIPL/2021/UIPL_16-20_ Change_4.pdf (last visited August 30, 2024).

In his appeal to this Court, Claimant states that, on December 22, 2021, he received a letter stating that he was disqualified for PUA benefits because he "did not verify [his] identity[.]" Claimant Brief at 3. In his appeal to the Referee, the only issue was "verification of [his] identity." *Id.* Because he submitted a copy of his driver's license, the deed to his house, his social security card, and a utility bill, Claimant believes that he substantiated his eligibility for PUA benefits.

5

The Board responds that the December 22, 2021, letter is irrelevant. It was the August 24, 2022, determination that held Claimant ineligible for PUA benefits for failure to provide the required documentation of employment or self-employment. It was that determination Claimant appealed.

To be eligible for PUA benefits, the applicant must be a "covered individual" who is "unemployed, partially unemployed, or unable to work for the weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation . . . or waiting period credit." 15 U.S.C. §9021(b). A "covered individual," is someone who "provides documentation to substantiate employment or self-employment or the planned commencement of employment or self-employment not later than 21 days after the later of the date on which the individual submits an application for pandemic unemployment assistance[.]" 15 U.S.C. §9021(a)(3)(A)(iii). Failure to provide the required documentation renders an applicant ineligible for PUA benefits. *Id.* Claimant does not dispute that he did not provide documentation to verify his employment or self-employment.

Instead, Claimant argues about a letter of December 22, 2021, which related to his failure to verify his identity. C.R. 33. However, this appeal concerns the August 24, 2022, determination that Claimant was ineligible for PUA benefits because he did provide documentation substantiating his employment or self-employment. *See* UC Service Center Determination, 8/24/2022, at 1; C.R. 18. Claimant's argument about his failure to verify his identity has no relevance to the instant matter.

Finally, Claimant argues that he did not receive notice of the December 1, 2022, telephone hearing before the Referee. It is well settled that any issue not

6

raised before the Board has not been preserved for appellate review and is deemed waived. *Chapman v. Unemployment Compensation Board of Review*, 20 A.3d 603, 611 (Pa. Cmwlth. 2011). In his appeal to the Board, Claimant asserted that the Referee erred in holding that he did not verify his identity. Claimant did not raise the issue that he did not receive notice of the Referee hearing on the denial of PUA benefits. Claimant has waived the lack of notice issue.

Claimant was held ineligible for PUA benefits because he did not provide proof of employment or self-employment. The Board did not err in affirming the Referee's decision that Claimant was not a "covered individual," defined as a person who provided documentation to substantiate his employment. 15 U.S.C. §9021(a)(3)(A)(iii).

For the foregoing reasons, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Franklin Clark,            :
         Petitioner        :
                                :
         v.                  :     No.    853 C.D. 2023
                                :
Unemployment Compensation     :
Board of Review,                :
         Respondent     :

## **ORDER**

AND NOW, this 3rd day of September, 2024, the adjudication of the Unemployment Compensation Board of Review, dated May 31, 2023, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita